### 140.   JOHNSON *et al.* *v.* WAXELBAUM  COMPANY.

1. A plea to a suit in the State court, setting up the pendency of bankruptcy proceedings and asking for a stay of the suit, must show that the debt sued on is one from which a discharge would be a release, and that application for a discharge had been made, or that the time for such application had not elapsed.

2. The suit in the State court will not be stayed on the application of a co-debtor with the defendant, against whom no bankruptcy proceedings are pending.

3. Where a corporation holds out a person as its officer, it is bound by acts apparently within the scope of his authority, notwithstanding a by-law or other limitation upon the power of the officer, not known to a party dealing with him as such officer.

4. One who writes his name upon the back of an otherwise complete note, merely for the purpose of guaranteeing the payment, is apparently a surety only, and not liable as an indorser.   Where he is sued on the note as joint maker, and makes no objection by demurrer or plea to the form of the suit, he is bound by the judgment.

Complaint, from city court of Sylvester—Judge Park.   March 27, 1906.

Argued February 26,—Decided March 28, 1907.

*Payton & Hay,* for plaintiffs in error.

*Hardeman & Jones, Polhill & Foy,* contra.

HILL, C. J. The Waxelbaum Company brought suit on a note, in the city court of Sylvester, against the Pate-Smith Company and W. A. Johnson as makers. The defendants filed pleas and answers substantially as follows: (1) That the Pate-Smith Company, on August 16, 1904, had been adjudged a bankrupt; that the plaintiff had proved its claim in the bankruptcy case, in the bankrupt court at Thomasville, Ga.; that the trustee had in hand $2,700, to be distributed to creditors; that the Pate-Smith Company had not been discharged, and that this suit should, therefore, abate, to await the action of the bankrupt court, to ascertain what amount, if any, the Pate-Smith Company is indebted over and above the amount realized from the assets of the said defunct company; and that the plaintiff should be remanded to its rights in the bankruptcy court. (2) That the note sued on was never made by the Pate-Smith Company, because it was not signed by the president of the company, but appears to have been made, and the stamp thereto attached of the name of Pate-Smith Company and signed, by W. B. Williams as secretary; while the charter and by-laws of the company required notes to be signed in the name of the Pate-Smith Company by the president of the company, and countersigned by the secretary and treasurer. The defendants deny that the Pate-Smith Company, or any one else properly authorized by it, did make and execute the note sued on. The plaintiff demurred to these pleas and answers, and the court struck them, directed a verdict, and entered judgment against both of the defendants. To the order of the court striking the pleas and answers both of the defendants excepted; and to the judgment against the defendants jointly the defendant Johnson excepted, because, under the plaintiff's pleadings, the verdict should have been against the Pate-Smith Company as maker, and W. A. Johnson as indorser only.

1. The plea setting up the pendency of bankruptcy proceedings against the Pate-Smith Company was properly stricken. It did not come up to the requirements of such a plea (bankruptcy act of 1898, sec. 11). It did not allege that the Pate-Smith Company had applied for a discharge or intended to apply for a discharge, or was entitled to a discharge, or that the debt sued on was one from which a discharge would be a release. *Hunter* v. *Lissner*, ante, 1. What we have said above applies to the plea of bankruptcy pro-

ceedings made by the defendant, the Pate-Smith Company. The other defendant, W. A. Johnson, whether as indorser, surety, or joint maker, could not plead in discharge of his liability on the note the bankruptcy of the maker. Section 16 of the bankrupt act provides: "The liability of a person who is a co-debtor with, or guarantor or in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt."

2. The plea of non est factum was properly not allowed as a defense against the note in question. This note was signed in the corporate name by the secretary and treasurer, and was indorsed by the person who was president of the corporation (see affidavit of W. A. Johnson to the plea). We do not think the by-law requiring notes of this company to be signed by the president and countersigned by the secretary and treasurer would be binding upon third persons who had no knowledge of such requirements. We do not think that an officer of a corporation would be permitted to make a corporate contract, and then, without denying (as in the case of the execution of a note) that it was for a valid consideration received and enjoyed by the corporation, be allowed to defend a suit on the note because of a by-law limitation unknown to the party dealing with the corporation. 10 Cyc. 942. "Every corporation acts through its officers, and is responsible for the acts of such officers in the sphere of their appropriate duty; and no corporation can be relieved of its liability to third persons for the acts of its officers by reason of any by-law or other limitation upon the power of the officer, not known to such third person." Civil Code, § 1861. Where a corporation holds out another as its officer, it is bound by acts within the apparent scope of his authority, notwithstanding by-laws limiting such authority, unknown to a person dealing with him as such officer. *Raleigh R. Co.* v. *Pullman Co.*, 122 *Ga.* 705. The plea in this case did not allege that the Waxelbaum Company had any knowledge or notice of the by-law in question.

3. The defendant Johnson was sued as joint maker, and he did not either by demurrer or plea make any objection to the form of the suit, or allege that he was other than joint maker. He can not now be heard to object on the ground that the suit did not describe him as indorser, and that a judgment was not entered up against him as such. As a matter of fact, he seems not to have

33

been an indorser, but was either a joint maker or a surety. The fact that he wrote his name across the back of the note did not necessarily make him an indorser. *Ridley* v. *Hightower,* 112 *Ga.* 476.

The judgment of the court in striking the pleas and answers, and in directing a verdict for the plaintiff, is          *Affirmed.*