## 8094. WEBB & COMPANY *v.* WATKINS.

BROYLES, P. J.   1.   "Every trading corporation, unless forbidden by its charter, has the power to issue negotiable paper, in the due and ordinary course of its business; and where a corporation having this power makes or indorses such paper, although for an unauthorized purpose, the defense of ultra vires will not avail it as against an innocent purchaser who bona fide and for value acquires title to the paper before maturity." *Jacobs' Pharmacy Co.* v. *Southern Banking & Trust Co.*, 97 *Ga.* 573 (25 S. E. 171).

2.   In the instant case there was an acute conflict in the evidence as to whether the defendant in error, when he acquired title to the note sued upon, before its maturity and for value, was an innocent bona fide purchaser of the same, and this question was finally settled by the finding of the jury. Applying to this case the principle of law laid down in the preceding paragraph, the verdict for the plaintiff was not contrary to law or the evidence.

3.   When the note of the trial judge, qualifying his approval of the 3d ground of the amendment to the motion for a new trial, is considered, that ground is without merit.

4.   This was a suit upon a promissory note signed by J. H. Gibson and the defendant corporation, and the latter pleaded that it had received no consideration whatever for signing the note, and that it was an accommodation indorser only. On the trial the plaintiff was asked the following question: "Doctor, what connection, if any, did you know that Gibson had with M. J. Webb & Company in the way of having any interest there?" The witness answered: "They were working together. Gibson was cutting lumber for them, and I understood that he had stock in the store." Defendant's counsel objected to the answer of the witness that he understood Gibson had stock in the store, upon the ground that it was wholly immaterial and irrelevant; the objection was overruled, and the answer admitted. The note of the trial judge, qualifying the ground of the motion for a new trial which complains of this

ruling, is as follows: "The witness went on to give the facts upon which he based his understanding. Defendants insisted by their plea that they received no consideration for signing the note, [had no] interest in the consideration thereon, but were only securities, and that Dr. Watkins had notice of this fact at the time he let Gibson have the money. I do not think the objection that this evidence was immaterial was good." In the judgment of this court, this evidence was relevant and material to the issues in the case, and, the only objection offered being that it was immaterial and irrelevant, it was properly admitted.

5. The following excerpt from the charge of the court is complained of: "If there should be admissions of a party in regard to the issue, I charge you that admissions are to be scanned with care. A man's conclusion about a fellow admitting a thing—a witness admitting a thing, and the witness admitting it, is a question for the jury to pass upon, as to whether it was really an admission or not; so you are to have and consider, as near as it can be given to you, the exact language the party used that they say constitutes an admission. The law says these admissions are to be scanned with care for these reasons: One of them is the possibility or probability of a man misunderstanding what the witness said, where there is an attempt to prove an admission; another is the frailty of the human memory in retaining exactly what was said, and reproducing it before a jury, so that they can apply it and give it its force; and the third is the possibility of the party whose admissions are attempted to be proven not expressing himself exactly as he intended to express himself. Now with these safeguards thrown around him, the law does not give them any specific value, but an admission, when proven to the satisfaction, is to have just such weight as the jury shall see proper to give it, taking all the facts and circumstances surrounding it, and what is proven in connection with it— is to have just such weight as the jury may see proper to give it." The statement by the judge in this charge, that "the law does not give them [admissions] any specific value," was an inapt expression, but does not require a new trial of the case, when it is considered in connection with its context. It is better practice, however, for a trial judge, when charging upon this subject, to confine himself to the language of the code.

6. The other excerpts from the charge of the court, as complained of in the special grounds of the motion for a new trial, while subject to some slight criticism, do not express or intimate any opinion by the court as to the facts of the case, and, when taken in connection with the entire charge, are not erroneous for any other reason assigned.

*Judgment affirmed. Jenkins and Bloodworth, JJ., concur.*
DECIDED JUNE 29, 1917.

Complaint; from Gilmer superior court—Judge Patterson. June 28, 1916.

*A. H. Burtz, D. W. Blair,* for plaintiff in error.
*William Butt,* contra.