11599. VON ZONNEVELD & PHILIPPO *v.* SHUPTRINE COMPANY.

LUKE, J. The evidence for the plaintiff did not prove the case as laid in the petition. A nonsuit was properly granted.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED OCTOBER 5, 1920.

Complaint; from city court of Savannah — Judge Rourke. January 27, 1920.

Von Zonneveld Brothers & Philippo, of Sassenheim, Holland, sued Shuptrine Company, of Savannah, Georgia, alleging that the defendant was indebted to them in the sum of $287.26, by reason of the facts that on November 10, 1916, the defendant signed an order to them for the shipment of certain goods specified therein, which order was attached to the petition, and that the

plaintiffs complied with the order and shipped the articles named therein in accordance with its terms, but that the defendant failed and refused to live up to the contract, and the said articles were disposed of by the transportation company — the Ocean Steamship Company — for charges, "with the result set out in attached statement" showing an indebtedness in the sum sued for. These allegations were denied in the defendant's answer.

On the grounds that "the plaintiff had made no case against the defendant, and had not proved the account was correct, or that the goods were received," the defendant, at the conclusion of the plaintiffs' evidence at the trial, asked for a nonsuit, which was granted; and the plaintiffs excepted. The evidence consisted of the order for the goods, the testimony of an employee of the plaintiffs, and a letter of the defendant's attorney to the plaintiff's attorney. The account attached to the petition was for goods described in two items, dated respectively August 15 and September 5, 1917, one for "Roman bulbs, $168.74," and the other for "Holland bulbs, $283.91;" there were certain credits on the account, and the balance shown by it was $287.26. The order was dated November 10, 1916. It was on a printed form in which the plaintiffs were designated as "Bulb growers," and was for "bulbs and plants," designated as "Roman hyacinths," "Narcissus," etc., in specified quantities; and under the heading "Price" several items were followed by amounts ranging from $4 to $25, other items by no amount, and others by amounts without the dollar mark, thus: "2000 Roman Hyacinths 12/15, open 30," "3000 Darwin Tulips, same color as last year, 10." The employee who signed the order testified: "I do not know whether the price on there is so much per thousand or not. . . As to the price, I know nothing of that. There is a price on there, but I only gave the order as per instructions left with me; the price there looks to be so much per thousand, but I don't know whether it is that or not." One of the provisions of the order is that "All goods travel at purchaser's risk and expense from our [the plaintiffs'] stores." The letter mentioned above is referred to in the bill of exceptions as follows: "By agreement the testimony of W. F. Lightbourne, an employee of the Ocean Steamship Company at Savannah, was shown by the attached letter marked Exhibit A." The letter says: "I will admit that Mr. W. F.

Lightbourne will testify that the sale of the bulbs involved in the above-stated case ['Van Zonneveld v. Shuptrine'] netted $25.00."

*H. P. Cobb, Gignilliat & O'Neal,* for plaintiffs.
*Shelby Myrick,* for defendant.