18087. LaGrange Lumber & Supply Company v. Farmers & Traders Bank.

Bell, J. 1. Where a portion of a plea was stricken on demurrer, but thereafter substantially the same matter was restored to the plea by amendment and the defendant was allowed full opportunity to prove the defense therein alleged, the error, if any, in the first ruling was cured. Compare *Hagedorn* v. *Zemurray*, 28 *Ga. App.* 807 (113 S. E. 244); *Western & Atlantic R.* v. *Reed*, 35 *Ga. App.* 538 (3) (134 S. E. 134).

2. In a suit on an unconditional promissory note, by an indorsee against the maker, it is not permissible for the defendant to show a prior or contemporaneous oral agreement among all the parties that only the indorser would be liable and that the note would never be enforced against the maker. *Pulliam* v. *Merchants Bank*, 33 *Ga. App.* 68 (125 S. E. 509).

3. In a suit upon a note executed in behalf of a corporation by one as manager, the corporation having authority under its charter to issue negotiable paper in the due and ordinary course of its business (*Jacobs Pharmacy Co.* v. *Southern Banking &c. Co.*, 97 *Ga.* 573, 25 S. E. 171), it is no defense that by reason of a by-law, not known to the plaintiff, only the president could execute notes in behalf of the corporation. Civil Code (1910), § 2225; *Raleigh &c. R. Co.* v. *Pullman Co.*, 122 *Ga.* 700 (7) (50 S. E. 1008); *Johnson* v. *Waxelbaum Co.*, 1 *Ga. App.* 511 (3) (58 S. E. 56); *American Investment Co.* v. *Cable Co.*, 4 *Ga. App.* 106 (2) (60 S. E. 1037); *Eminent Household of Columbian Woodmen* v. *Benz*, 11 *Ga. App.* 733 (76 S. E. 99).

4. Where T., a corporation, is indebted to L., another corporation, on an account which it is unable to pay at once, and where L., being in need of funds and desiring to close the account, makes and delivers its notes payable to T. under an agreement that T. is to indorse and discount them and forward the proceeds to L. for credit upon the account, the notes, where the agreement has been executed, are not wanting in consideration nor to be classed as accommodation paper. It follows that in a suit against L., the maker, by a bank which had discounted the notes at the instance of T., proof of the above facts and of knowledge thereof by the plaintiff at the time it acquired the notes would not support a plea denying that the plaintiff was an innocent holder and alleging that the defendant executed the notes as a mere accommodation for the other company, and that, being a corporation and having no authority under its charter to issue accommodation paper, it was not bound. Civil Code (1910), § 4242; 8 C. J. 255, 256.

Appeal and Error, 4 C. J. p. 934, n. 56.

Bills and Notes, 8 C. J. p. 255, n. 91; p. 256, n. 93, 97.

Corporations, 14a C. J. p. 459, n. 72, 73.

Evidence, 22 C. J. p. 1089, n. 31; p. 1091, n. 39; p. 1092, n. 40; p. 1248, n. 29.

Trial, 38 Cyc. p. 1565, n. 83.; p. 1574, n. 21.

5. Applying the above principles to the facts of this case, none of the court's rulings, either upon the pleadings or upon the admissibility of evidence, constitute reversible error; the verdict for the plaintiff was demanded as a matter of law, and the court properly gave direction accordingly.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED NOVEMBER 18, 1927.

Complaint; from city court of LaGrange—Judge Tuggle. March 8, 1927.

*E. T. Moon,* for plaintiff in error.

*Lovejoy & Mayer, Herbert J. Haas,* contra.