24351. FARMERS & MERCHANTS BANK *v.* STOVALL INVESTMENT COMPANY.

DECIDED DECEMBER 17, 1934.

*C. M. McClure, Frank Gross, Winston Owen,* for plaintiff.

*Wheeler & Kenyon, B. F. Davis,* for defendant.

SUTTON, J. (After stating the foregoing facts.) If the plaintiff fails to make out a prima facie case, or if, admitting all the facts proved and all reasonable deductions from them, the plaintiff ought not to recover, a nonsuit will be granted. Civil Code (1910), § 5942; *Gresham* v. *Stewart,* 31 *Ga. App.* 25, 28 (119 S. E. 445) ; *Moseley* v. *Patterson,* 27 *Ga. App.* 133, 135 (107 S. E. 623). In answer to a plea of non est factum, it is only necessary for the plaintiff to make out a prima facie case of the execution of the instrument sued on, in order to authorize the admission of the note in evidence. *Jewell* v. *Walker,* 109 *Ga.* 241 (34 S. E. 337). When the plaintiff showed that the note was executed as alleged in the petition and as appears from the note, and showed that the person signing the name of the defendant by him as its president was the president of the defendant at the time the note was signed, in active charge of the management of its affairs, this authorized it to be admitted in evidence. See *Emery* v. *Smith,* 54 *Ga.* 273, 274; *Williams* v. *Atlanta National Bank,* 31 *Ga. App.* 212 (6), 221

(120 S. E. 658). In order to make out a prima facie case, the plaintiff did not have to show that the defendant received the proceeds of the loan represented by the note, or that the defendant had authorized its president to sign the note. Plaintiff proved the execution of the note by the testimony of its cashier, and this, with evidence that T. H. Stovall was the active president of the defendant, was sufficient proof of plaintiff's case as laid, and was sufficient to have authorized a verdict in its favor, after the admission of the note in evidence had that been all the evidence. It has been held that the principle that a nonsuit will not be granted where the pleadings and the evidence correspond (*Madden* v. *Mitchell Automobile Co.*, 21 *Ga. App.* 108, 94 S. E. 92), applies even though a petition may not set out a cause of action, *if plaintiff's evidence does not establish the defense which bars his rights* (italics ours). *Evans* v. *Josephine Mills*, 119 *Ga.* 448 (46 S. E. 674); *Rountree* v. *S. A.-L. Ry. Co.*, 31 *Ga. App.* 231 (120 S. E. 654). And it has also been held that even if the plaintiff proves his case as laid, but the case as laid does not authorize a recovery in favor of the plaintiff, a nonsuit is properly granted. *Kelly* v. *Strouse*, 116 *Ga.* 872 (43 S. E. 280); *Von Zonneveld* v. *Shuptrine Co.*, 25 *Ga. App.* 678 (104 S. E. 577). However, even where the petition of the plaintiff sets out a cause of action against the defendant, and the plaintiff proves every fact charged, *but on cross examination, or otherwise, disproves his right to recover, by establishing the existence of other undisputed defensive facts which show that he is not entitled to a verdict, then a nonsuit should be granted* (italics ours). *Evans* v. *Josephine Mills*, supra.

With this principle in our minds in this case, did the plaintiff make out a case for submission to a jury? We must treat as true the plaintiff's evidence, in passing upon the judgment of nonsuit. This evidence clearly shows that the defendant was a corporation with authority to borrow money, that it was controlled and managed by a board of directors, that the president thereof did not have specific authority to borrow money for the defendant and execute notes obligating and binding the defendant therefor, and that the defendant's president did not have any authority, general or specific, from the board of directors to borrow the money from the plaintiff bank in this instance and to execute, in behalf of the defendant corporation and so as to bind it, the note evidencing

the loan. The evidence further shows, without dispute, that the defendant received none of the proceeds of the loan nor any benefit therefrom, but that, on the contrary, the same went either to the individual benefit of the defendant's president or to some other corporation or company in which he was interested. In these circumstances, can we hold the defendant liable on this note?

It is true that "Every corporation acts through its officers, and is responsible for the acts of such officers in the sphere of their appropriate duties; and no corporation shall be relieved of its liability to third persons for the acts of its officers by reason of any by-laws or other limitation upon the power of the officer, not known to such third persons." Civil Code (1910), § 2225. It has been held that the active president of a corporation, who manages its business affairs as its agent, acts for and in behalf of the corporation, and has authority to bind it in many instances, such as his promise to pay a valid debt of the corporation. *Dobbins* v. *Pyrolusite Manganese Co.*, 75 *Ga.* 450 (3). "Under the rule adopted in this State, the president of a corporation is presumed to be its alter ego. That is to say, while not ipso facto clothed with autocratic power as to the making of contracts, he is nevertheless its chief executive officer and agent, and, without any special delegation of authority, is presumed to have power to act for it in matters within the scope of its ordinary business." *Baker* v. *Lowe Electric Co.*, 47 *Ga. App.* 259 (5). Also, it is true that where a corporation holds a person out as its officer, it is bound by his acts apparently within the scope of his authority, notwithstanding some by-laws or other limitation upon the power and authority of such officer, not known to the party dealing with him as the officer of the corporation. *Johnson* v. *Waxelbaum Co.*, 1 *Ga. App.* 511 (3), 513 (58 S. E. 56); *Eminent Household of Woodmen* v. *Benz,* 11 *Ga. App.* 733 (76 S. E. 99); *Dawson Paper-Shell Pecan Co.* v. *Montezuma Fertilizer Co.*, 19 *Ga. App.* 42 (90 S. E. 984). For other cases along these lines see *Spiller-Beall Co.* v. *Hirsch,* 18 *Ga. App.* 450 (5) (89 S. E. 587); *LaGrange Lumber & Supply Co.* v. *Farmers & Traders Bank,* 37 *Ga. App.* 409 (140 S. E. 766); *Massell* v. *Fourth National Bank,* 38 *Ga. App.* 601 (144 S. E. 806). It is well to note that in these cases the corporation ratified the act of its officer or agent in some manner or received the benefit of his acts, or that some other reason appeared why it would be

unjust, unfair, or inequitable not to hold the corporation liable for the acts of officer or agent in dealing with innocent third persons, having no knowledge of the limitation upon the authority of the officer or agent. It is likewise true that it is not the duty of one who lends money to a corporation upon the note of its officer, duly authorized, to follow the funds to see that the corporation receives the same. *Oklahoma Asphalt Co.* v. *Phillips,* 14 *Ga. App.* 356 (80 S. E. 863); 14A C. J. 609, § 2560. None of the above principles or cases are controlling of the question involved in this case.

It has been aptly said: "Authority to borrow money is among the most dangerous powers which a principal can confer upon an agent. Whoever lends to one claiming the right to make or indorse negotiable paper in the name of another does so in the face of all the danger signals of business. He need not lend or discount until assured beyond doubt that the principal has in fact appointed an agent who by the stroke of a pen may wipe out his present fortune and bind his future earnings. The very nature of the act is a warning; and if the lender parts with his money, he does so at his own peril." *Exchange Bank* v. *Thrower,* 118 *Ga.* 433 (45 S. E. 316). An officer of a corporation must carry out the business of the corporation in the manner specified in the charter, and if such officer acts in a manner unauthorized by the corporate charter, or without special authority from the governing board of directors or trustees, his act will not be binding on the corporation. See *Dobbins* v. *Etowah Mfg. &c. Co.,* 75 *Ga.* 238. So it has been held by binding authority that the president of a corporation has no general authority, by reason of his office alone, to borrow money in the name of the corporation and bind it by a note evidencing the loan, signed by him in the name of the corporation, where the corporation does not receive the proceeds of the loan nor any benefit therefrom, and there is no question of fraud, ratification or estoppel involved. *Brown* v. *Bass,* 132 *Ga.* 41, 43 (63 S. E. 788); *Bank of Lenox* v. *Webb Naval Stores Co.,* 171 *Ga.* 464 (156 S. E. 30); *Blakely Artesian Ice Co.* v. *Clarke,* 13 *Ga. App.* 574 (79 S. E. 526); *Hassell* v. *Woodstock Iron Works,* 137 *Ga.* 636 (73 S. E. 1052). Applying this principle, that is, that the president of a corporation has no general power or authority to bind a corporation for a loan obtained by him for his own

purposes by signing the corporation's name to a note, the corporation receiving no benefit therefrom, nor ratifying the same in any way, with the principle that even though the plaintiff make out a prima facie case by its evidence, if it introduces other undisputed and uncontradicted evidence showing facts which do not entitle it to prevail, then a judgment of nonsuit is proper, the evidence in this case showing that the president of the defendant had no authority to make the loan and sign the note in question and that the defendant received no part of the proceeds thereof, nor received any benefit therefrom, the trial judge did not err in granting the nonsuit against the plaintiff upon the conclusion of its evidence on motion therefor urged by counsel for the defendant.

*Judgment affirmed, Jenkins, P. J., and Stephens, J., concur.*