24456.   STEEDLEY *v.* STEEDLEY.

DECIDED SEPTEMBER 24, 1935.

*C. A. Williams,* for plaintiff in error.
*Memory & Memory, Homer L. Causey,* contra.

STEPHENS, J. This was a proceeding by M. H. Steedley to dispossess J. M. Steedley as a tenant at sufferance, whose sole defense was that he did not hold the premises from the plaintiff or from any one under whom the plaintiff claimed. The plaintiff claimed title derived from the sale of the premises under a power of sale conveyed by the defendant in a deed to secure debt. A verdict for the plaintiff was directed. The sole question for determination, as presented by the record and the arguments in the briefs of counsel, is whether the deed conveying the premises as security for the debt which was made by J. M. Steedley to Walter Bennett on April 11, 1925, and recorded in the clerk's office in deed book 3 page 514, and which contained a power of sale to the grantee or his assigns, was, together with the power of sale, transferred by an assignment by a separate instrument in writing dated January 10, 1930, which reads as follows: "For value received, I, Walter Bennett, do hereby sell, assign, transfer, and convey unto the Blackshear Bank, its successors and assigns, the certain deed to secure debt executed by James M. Steedley to————————on————, recorded in the office of the clerk of the superior court of Bacon County, Georgia, in deed book 3, beginning at page 214, on April 14, 1925, together with the debt thereby secured and the real estate therein described, and all rights, powers, privileges, and benefits by said security deed conferred upon me to secure and enforce the payment of the debt in said security deed described."

If the latter instrument constituted an assignment of all the rights of the grantee in the security deed, together with the assignment of the power of sale therein, the court did not err in admitting the assignment in evidence over objection, and the evidence demanded the verdict as directed. If this instrument did not constitute such an assignment, the plaintiff, whose title to the land was dependent upon the validity of the assignment, acquired no title to the land by the sale under power, and a verdict for the plaintiff was not authorized. Any extrinsic evidence which is not inconsistent with or contradictory of anything contained in the written assignment is relevant and material as tending to identify the deed to secure debt, containing the power of sale purporting to be assigned by the entry of transfer. *Shiver* v. *Young*, 38 *Ga. App.* 409 (144 S. E. 129). The only evidence tending to aid in the construction of the assignment and to identify the deed to secure

debt purported to be assigned thereby was the testimony of the clerk of the superior court, to the effect that since the date of the execution of the security deed by James M. Steedley to Walter Bennett, which was on April 11, 1925, he had found no record of any other security deed from James M. Steedley to Walter Bennett, and that according to the record the security deed from James M. Steedley to Walter Bennett, dated April 11, 1925, was recorded April 14, 1925, in deed book No. 3, not at page 214 but at page 514, and that in the entry on the back of the deed the figure 5 is not clear and looks a good deal like the figure 2. Also, the evidence of the vice-president of the Blackshear Bank, that the bank had never held any transfer of the security deed from James M. Steedley to *Walter Bennett* other than the transfer herein referred to, and that the security deed herein referred to is the only security deed from James M. Steedley to Walter Bennett ever held by the Blackshear Bank.

Is the above evidence sufficient to establish the written assignment or transfer as a transfer of the security deed executed by James M. Steedley to Walter Bennett on April 11, 1925, and recorded April 14, 1925, in deed book No. 3 at page 514? This transfer purports to be a transfer or assignment by Walter Bennett to the Blackshear Bank of the deed to secure debt, executed by James M. Steedley and recorded on April 14, 1925, in deed book No. 3 beginning at page 214, but does not indicate the grantee of the deed executed by James M. Steedley. It appears conclusively and without dispute from the evidence that there is no deed from James M. Steedley recorded on page 214 of deed book No. 3, but it does appear that there is a deed to secure debt executed by James M. Steedley to Walter Bennett recorded on April 14, 1925, on page 514 of deed book No. 3. The description in the transfer or assignment fails to identify the deed to secure debt assigned as the deed to secure debt from James M. Steedley to Walter Bennett, executed on April 11, 1925, recorded on April 14, 1925, at page 514 of deed book No. 3. Extrinsic evidence therefore is necessary to aid the description in the transfer or assignment, to establish it as a valid assignment of the deed to secure debt from James M. Steedley to Walter Bennett, executed April 11, 1925. If the assignment purports to be an assignment or a transfer of this deed, the clause contained in the description that it is recorded on page 214 of

deed book 3 is necessarily erroneous. This clause, however, could be disregarded and rejected, provided the remaining clauses in the description, when taken in connection with relevant and material explanatory circumstances, would be sufficient to identify the subject-matter of the assignment. With this clause eliminated and rejected, it appears from the assignment, aided by the extrinsic evidence, that the deed to secure debt which was assigned is one executed by James M. Steedley, recorded April 14, 1925, in deed book 3. If it appeared from the record that there was recorded in deed book 3 only one deed executed by James M. Steedley, recorded April 14, 1925, and this was a deed executed by James M. Steedley to Walter Bennett on April 11, 1925, this extrinsic evidence, when taken in connection with the description in the assignment, would be sufficient to identify the security deed assigned as being the deed to secure debt executed by James M. Steedley to Walter Bennett April 11, 1925, and recorded in deed book 3 on April 14, 1925. The evidence, however, does not indicate that since the execution of the deed from James M. Steedley to Walter Bennett on April 11, 1925, which was recorded on April 14, in deed book 3 on page 514, there appears of record no other deed from James M. Steedley. It appears from the testimony of the clerk of the superior court that there is of record since April 11, 1925, no other deed from James M. Steedley to Walter Bennett. The evidence is silent as to whether since that date, or at any other time, there is of record any deed other than the one of April 11, 1925, from James M. Steedley to *Walter Bennett* or any deed from James M. Steedley to *any person other than Walter Bennett*. As far as it appears from the evidence, a deed from James M. Steedley to some person other than Walter Bennett may have been of record, and the written transfer and assignment relied upon by the plaintiff, to Walter Bennett of the deed to secure debt executed by James M. Steedley to blank, and recorded on April 14, 1925, in deed book 3, may have been a deed from James M. Steedley to some one else, and therefore not the deed to secure debt from James M. Steedley to Walter Bennett. The assignment of some indefinite deed to secure debt executed by James M. Steedley to some indefinite person, could not apply to the particular deed of James M. Steedley to Walter Bennett, which was recorded on April 14, 1925 in book 3 beginning at page 514, unless this was at the time the only

deed to secure debt of record from James M. Steedley to any person whomsoever. The evidence therefore is insufficient to establish the written transfer and assignment by Walter Bennett of a certain deed executed by James M. Steedley to blank as being the deed from James M. Steedley to Walter Bennett executed April 11, 1925, and recorded on April 14, in deed book 3. The written assignment was relevant and material and subject to explanation by parol, and the court did not err in admitting it in evidence. The evidence, however, being insufficient to establish the transfer and assignment of the deed from James M. Steedley to Walter Bennett of April 11, 1925, and recorded in deed book 3 on April 14, 1925, it was insufficient to support the directed verdict for the plaintiff. The court erred in overruling the motion for new trial.

*Judgment reversed. Jenkins, P. J., concurs. Sutton, J., dissents.*

SUTTON, J., dissenting. I am of the opinion that the transfer in question, together with the parol testimony with reference thereto, was sufficient to identify and connect the security deed and the transfer, so as to make the transfer a valid one; and that it was not error to admit this transfer in evidence. This being true, there was some evidence to support the verdict, and the judge did not err in overruling the motion for new trial. I therefore dissent from the ruling of the majority of this court.