25558.   STEEDLEY *v.* STEEDLEY.

DECIDED SEPTEMBER 26, 1936.

*C. A. Williams,* for plaintiff in error.
*Homer L. Causey, Memory & Memory,* contra.

SUTTON, J.   The law of this case was fixed on its former appearance in this court. It was a proceeding to dispossess the defendant as a tenant at sufferance. The plaintiff claimed title

derived from the sale of the premises involved, under a power of sale contained in a security deed executed by the defendant. The judge directed a verdict for the plaintiff, and the defendant's motion for new trial was overruled. The evidence on the first trial showed that a security deed was executed by the defendant, James M. Steedley to Walter Bennett on April 11, 1925, and recorded in deed book 3, page 514. An assignment thereof was made by Walter Bennett on January 10, 1930, as follows: "For value received I, Walter Bennett, do hereby sell, assign, transfer, and convey unto the Blackshear Bank, its successors and assigns, the certain deed to secure debt executed by James M. Steedley to ...... on ......, recorded in the office of the clerk of the superior court of Bacon County, Georgia, in deed book 3, beginning at page 214, on April 14, 1925," etc. The only evidence tending to aid in the construction of this assignment and to identify the security deed which it purported to assign was the testimony of the clerk of the superior court, to the effect that since the date of the execution of the security deed by the defendant to Walter Bennett, the clerk had found no record of any other security deed from the defendant to Walter Bennett, and that according to the record the security deed from defendant to Walter Bennett, dated April 11, 1925, was recorded on April 14, 1925, in deed book 3, not at page 214, but at page 514, and that in the entry on the back of the deed the figure 5 is not clear and looks a good deal like the figure 2. There was evidence that the bank had never held any transfer of the security deed from James M. Steedley to Walter Bennett, other than the transfer herein referred to, and that the security deed herein referred to is the only security deed from James M. Steedley to Walter Bennett ever held by the Blackshear Bank. This court held that the evidence did not indicate that since the execution of the deed from James M. Steedley to Walter Bennett on April 11, 1925, which was recorded on April 14, in deed book 3, on page 514, there appeared of record no other deed from James M. Steedley, that it only appeared from the testimony of the clerk that there was of record since April 14, 1925, no other deed from James M. Steedley to Walter Bennett, that the evidence was silent as to whether since that date, or at any other time, there was of record any deed other than the one of April 11, 1925, from James M. Steedley to Walter Bennett, or

314

any deed from James M. Steedley to any person other than Walter Bennett, and that as far as appeared from the evidence a deed from James M. Steedley to some person other than Walter Bennett may have been of record, and the written transfer relied on by the plaintiff, to Walter Bennett, of the security deed executed by James M. Steedley to blank, and recorded on April 14, 1925, in deed book 3, may have been a deed from James M. Steedley to some one else, and therefore not the deed to secure debt from James M. Steedley to Walter Bennett. The court then held that the evidence was insufficient to establish the transfer of the deed from James M. Steedley to Walter Bennett, of April 11, 1925, and recorded in deed book 3 on April 14, 1925, and therefore was insufficient to support the verdict directed. This court held that "If it appeared from the record that there was recorded in deed book 3 only one deed executed by James M. Steedley, recorded April 14, 1925, and this was a deed executed by James M. Steedley to Walter Bennett on April 11, 1925, this extrinsic evidence, when taken in connection with the description in the assignment, would be sufficient to identify the security deed assigned as being the deed to secure debt executed by James M. Steedley to Walter Bennett April 11, 1925, and recorded in deed book 3 on April 14, 1925." On the second trial the evidence adduced on this subject was the same, except that the clerk of the superior court further testified that he made an examination of deed book 3, page by page, that he did not find any security deed from James M. Steedley in that book as recorded April 14, 1925, besides the security deed recorded on page 514, that there was no other security deed from James M. Steedley recorded April 14, 1925, in that book, and that there was no record of a security deed from James M. Steedley to any one on page 214 of book No. 3. This evidence was sufficient, under the rulings of this court on the former appearance of this case (*Steedley* v. *Steedley,* 51 *Ga. App.* 771, 181 S. E. 700), to meet the deficiencies pointed out in the evidence on the first trial, and the judge properly directed the verdict for the plaintiff, and did not err in overruling the defendant's motion for new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*