50390. WESTERN AMERICAN LIFE INSURANCE COMPANY v. HICKS et al.

PANNELL, Presiding Judge.

1. A president of a corporation does not, by virtue of his office alone, have authority to contract in its behalf (*Potts-Thompson Liquor Co. v. Potts,* 135 Ga. 451, 452 (3-7) (69 SE 734); *Ocilla Southern R. Co. v. Morton,* 13 Ga.

App. 504 (2) (79 SE 480); *Blakely Artesian Ice Co. v. Clarke,* 13 Ga. App. 574 (5), (79 SE 526)), although being the alter ego of the corporation he may be presumed to have power to act for it in matters within the scope of its ordinary business. *Baker v. Lowe Electric Co.,* 47 Ga. App. 259 (5) (170 SE 337); *Farmers &c. Bank v. Stovall Invest. Co.,* 50 Ga. App. 277 (177 SE 882); *Steedley v. Steedley,* 54 Ga. App. 312, 313 (187 SE 719).

2. Accordingly, where, as in the present case, upon what purports to be a letterhead of a nonresident insurance company, there is written a guaranty of payment of a note in the amount of $250,000 owed by a Georgia corporation, which guaranty is signed in the name of the nonresident insurance company by a person as vice president thereof, with no corporate seal attached, importing corporate authority (*Solomon's Lodge v. Montmollin,* 58 Ga. 547; *New York Life Ins. v. Rhodes,* 4 Ga. App. 25 (4, 5) (60 SE 828); *Bank of Garfield v. Clark,* 138 Ga. 798 (1) (76 SE 95)), proof alone of the execution of such contract by such vice president does not demand a finding he acted with authority so as to bind the nonresident insurance company, even should we assume he had the authority of a president thereof.

3. Where a corporation knowing all of the facts accepts and uses the proceeds of an unauthorized contract executed in its behalf without authority, the corporation may be bound because of ratification (Code § 4-303; *Ketchum v. Verdell,* 42 Ga. 535, 538; *Haney School Furniture Co. v. Hightower Baptist Institute,* 113 Ga. 289 (2) (38 SE 761); *American Exch. Nat. Bank v. Georgia Constr. & Investment Co.,* 87 Ga. 651, 657 (13 SE 505)), however, where, as in the present case, a premium of $8,000 found its way into the bank account of the nonresident insurance company and the company when sued upon the guaranty denied its receipt of such premium but later admitted the receipt thereof after an audit of its books and tendered the amount of the receipt into court, the question of whether its retention of the premium proceeds, under the circumstances, was a ratification of the act of its vice president is a question for the jury. *Corbin Supply Co. v. Loftis,* 50 Ga. App. 309 (2) (178 SE 185).

4. There was no other evidence in the present case showing the authority of the vice president to execute such a contract, nor any evidence showing that the execution of such contract was within the general business of the non-resident corporation. Under the rulings above we must hold that the trial court erred in granting summary judgment in favor of the holder of the note against the insurance company on its guaranty.

*Judgment reversed. Quillian and Clark, JJ., concur.*

ARGUED MARCH 11, 1975 — DECIDED MAY 19, 1975 — REHEARING DENIED JUNE 13, 1975 — 

*Fierer & Devine, Foy R. Devine, Thomas J. Hughes,* for appellant.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Matthew H. Patton, Dennis S. Meir, Joseph Lefkoff, Claude E. Hambrick, Richard E. Thomasson,* for appellees.