## 66863. LANIER INSURANCE AGENCY, INC. v. CITIZENS BANK, HOGANSVILLE.

McMURRAY, Presiding Judge.

This is a suit on a guaranty. On February 28, 1980, Williamson Manufacturing Company, Inc., in connection with a loan, executed and delivered to plaintiff (The Citizens Bank, Hogansville, Georgia) a promissory note. A guaranty of payment of this note was executed by defendant's vice president Graves, purportedly on behalf of defendant (Lanier Insurance Agency, Inc.).

The proceeds of the loan were used by Williamson Manufacturing Company, Inc. for payment on its account with defendant. At the time of the receipt of these funds defendant was not aware of the guaranty, executed purportedly on its behalf. Defendant's position is that Graves lacked authority to bind it contractually.

Upon default on the note plaintiff made demand upon defendant for payment of the outstanding balance plus interest. Defendant refused and this action resulted. Plaintiff moved for summary judgment which the trial court partially granted as to the principal remaining unpaid on the note. Defendant appeals. *Held:*

OCGA § 14-2-150 (g) (formerly Code Ann. § 22-711 (g) (Ga. L. 1968, pp. 565, 638; 1977, pp. 324, 326)) provides: "No corporation shall be relieved of its liability to any third person for the acts of its officers by reason of any limitation upon the power of the officer, whether contained in the articles of incorporation, the bylaws, or

otherwise, not known to such third person." This principle has been repeatedly applied, under circumstances substantially similar to those in the case sub judice, to bind the corporation involved. See *Johnson v. Waxelbaum Co.,* 1 Ga. App. 511, 513 (2) (58 SE 56); *LaGrange Lumber & Supply Co. v. Farmers & Traders Bank,* 37 Ga. App. 409 (3) (140 SE 766). However, as stated in *Farmers & Merchants Bank v. Stovall Investment Co.,* 50 Ga. App. 277, 282-283 (177 SE 882): "It is well to note that in these cases [cited] the corporation ratified the act of its officer or agent in some manner or received the benefit of his acts, or that some other reason appeared why it would be unjust, unfair, or inequitable not to hold the corporation liable for the acts of [its] officer or agent in dealing with innocent third persons, having no knowledge of the limitation upon the authority of the officer or agent." See also *Corbin Supply Co. v. Loftis,* 50 Ga. App. 309 (1), (2), 311-312 (178 SE 185).

"Where a corporation knowing all of the facts accepts and uses the proceeds of an unauthorized contract executed in its behalf without authority, the corporation may be bound because of ratification (Code § 4-303; *Ketchum v. Verdell,* 42 Ga. 535, 538; *Haney School Furniture Co. v. Hightower Baptist Institute,* 113 Ga. 289 (2) (38 SE 761); *American Exch. Nat. Bank v. Georgia Constr. & Investment Co.,* 87 Ga. 651, 657 (13 SE 505))." *Western American Life Ins. Co. v. Hicks,* 135 Ga. App. 90, 91 (3) (217 SE2d 323). The defendant in the case sub judice, unlike the similarly positioned corporation in *Western American Life Ins. Co. v. Hicks,* 135 Ga. App. 90, supra, has after learning of any relevant facts previously unknown to it, retained the benefits of the allegedly unauthorized contract. Therefore, no genuine issue of material fact remains as to whether there has been a ratification by defendant of the allegedly unauthorized act of Graves. Defendant's retention of the benefits flowing from the acts of Graves is "implied ratification." *Armour Fertilizer Works v. Maddox,* 168 Ga. 429 (2) (148 SE 152); *Lewis v. C. & S. Nat. Bank,* 139 Ga. App. 855, 859 (1b) (229 SE2d 765).

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

D ECIDED O CTOBER 14, 1983.

*Alan W. Jackson, J. Littleton Glover, Jr.,* for appellant.
*James T. Hunnicutt,* for appellee.