### 4840.  MOORE *v.* CALVERT MORTGAGE & DEPOSIT COMPANY.

1. Where a bill of exceptions contains a valid exception to a final judgment, all proper and timely exceptions to interlocutory rulings will be considered, without reference to whether the exception to the final judgment is meritorious.

2. Where an answer makes no reference to certain paragraphs in the petition, containing material averments, an amendment expressly denying these paragraphs is a sufficient joinder of issue thereon, although there is in the amendment no withdrawal of the admissions implied from the failure to answer them.

3. An answer averring merely that the defendant can neither admit nor deny a specified paragraph, without adding that he is without sufficient information upon which to base either an admission or denial, must be treated as an admission.

4. An allegation in a petition in reference to a matter peculiarly within the knowledge of the defendant must be expressly denied, or else it will be taken as having been admitted.

5. As the answer, properly construed, admitted that the plaintiff was a building and loan association and was authorized as such to do business in this State, and as it appeared from the answer that the notes sued on did not exceed the aggregate of the principal sum and 8 per cent. interest thereon for the full period of the loan, divided into monthly instalments as represented by the notes sued on, the transaction was not usurious; and the court did not err in striking the defendant's answer and directing a verdict for the plaintiff, for the full amount sued for.

DECIDED JULY 8, 1913.

Complaint; from city court of Fitzgerald—Judge Griffin.   January 28, 1913.

*McDonald & Grantham,* for plaintiff in error.

*C. B. Teal, L. Kennedy,* contra.

POTTLE, J.   The petition alleged that the plaintiff was a building and loan association, incorporated under the laws of the State of Maryland, and that the defendant was indebted to it upon 43 promissory notes for $30.25 each, being part of a series of 72 notes, all dated September 8, 1908, the first maturing October 8, 1908, and the others maturing the 8th day of each succeeding month respectively for 71 consecutive months thereafter.   It was further alleged that payment of the notes was secured by a deed to real estate.   Copies of the notes and a copy of the deed were exhibited with the petition.   In each note it is recited that the plaintiff is a building and loan association, that the defendant is a member or stockholder in the company, and that the note is executed in payment of dues on stock and interest on a loan.   In the deed it is recited that the plaintiff is a building and loan association, and that the defendant has subscribed for 15 shares of stock, par value of $100 each, and has procured from the company, under its charter and by-laws, an advance or loan of $1,500, and has executed a series of notes corresponding to those described in the petition.   It is further recited in the deed that on default in the payment of any of the notes, the company shall have the right to declare the whole debt due.   The deed refers also to certain by-laws of the company, providing for the maturity of the stock.   The plaintiff prayed for a recovery of a general judgment on the notes, and for a special judgment setting up a lien on the land described in the deed.   In each of the notes it is stipulated that the maker agrees to pay all costs "including ten per cent. as attorney's fees."   In the deed it is stipulated that in the event legal proceedings shall be adopted for the collection of the debt, the maker shall be liable "for ten per cent. on the indebtedness hereby secured, as attorney's fees."

The defendant answered, admitting all the allegations in the petition except in that paragraph in which the right to recover attorney's fees was claimed, but the fact that written notice was given as required by the statute, in order to bind the defendant for the payment of attorney's fees, was not denied.   The defendant further answered that she had paid 29 of the series of notes as set

out in the petition, and that the loan was infected with usury, the company having exacted about $350 more interest than it was entitled to. The defendant amended her answer by denying the indebtedness as set forth in the petition, by averring that she was unable either to admit or to deny, for want of sufficient information, that the plaintiff was a corporation of the State of Maryland, organized for the purpose of engaging in the business of a building and loan association, and also averring that, for want of sufficient information, she could neither admit nor deny the allegation that she had made default in the payment of the notes and that the company had notified her of its option to declare the whole debt due. The amendment further averred that the defendant had only received "in money from the plaintiff company the sum of $1,425." The usury claimed was set forth in detail in the answer, it being averred that the defendant had received only $1,425, to which should be added $9.51 for interest up to maturity of the first note, from which should be deducted the amount of the first note. Interest is then calculated on this new principal to the maturity of the second note, and so on, until the last note. It is averred in the amendment that a large part of these notes were paid from time to time, and that the defendant is really indebted to the plaintiff in the sum of $765.91; that all of the indebtedness claimed by the plaintiff in excess of this amount is usurious. It is further averred that the scheme adopted by the plaintiff in selling stock to the defendant was a mere subterfuge to cover up the usurious transaction, and that the plaintiff is in fact not a building and loan association, or authorized to do business in Georgia under the laws of this State.

The trial judge struck the defendant's answer, and directed a verdict against her for $1,012.75 principal, $101.02 interest, and $111.37 as attorney's fees, together with all cost, and "in favor of plaintiff's lien upon the premises described in plaintiff's petition." A motion for a new trial, on the general ground that the verdict was contrary to the law and the evidence, was overruled and the defendant filed her bill of exceptions assigning error upon the striking of her answer, upon the direction of the verdict, and upon the overruling of the motion for a new trial.

1. A question of practice is suggested in the brief of counsel for the defendant in error. The direct exception to the direction of a

verdict can not be considered, because it came too late. The motion for a new trial is without merit, because, if the court properly struck the defendant's answer, the verdict in the plaintiff's favor was the logical result, and it can not be said to be contrary to the evidence. It is suggested that we ought not to consider the assignment of error upon the striking of the defendant's answer, because there is no meritorious exception to a final judgment, or to one which would have been final if it had been rendered as claimed by the excepting party. The reply to this is that the judgment overruling the motion for a new trial is a final judgment, and, while the exception to it is not meritorious, it is a sufficient assignment upon which to fasten a complaint, made by proper and timely exceptions, that the court erred in striking the defendant's answer. If the judgment striking the ans⸍ ⸳r was erroneous, then everything else that took place during ⸍ ⸱e progress of the trial was nugatory. An exception to a final judgment was necessary to enable us to consider the complaint that the court erred in striking the defendant's answer, but, having served this purpose, it may be wholly disregarded. This suggests a reason why there might properly be legislation dispensing with the necessity of making a totally useless exception to a final judgment in such a case as the one now in hand.

2. The petition contained sixteen paragraphs. In the original answer the defendant admitted paragraph 1, relating to her residence, admitted the execution of the notes sued on, and denied paragraph 15. In the original answer no reference was made to any of the other paragraphs of the petition. By amendment to the answer the defendant denied, by number, certain of the paragraphs to which no reference had been made in the original answer. In paragraph 6 of the petition it was alleged that the plaintiff was a corporation "organized for the purpose and engaged in the business of a building and loan association." In the 8th paragraph it was alleged that the defendant had made default in the payment of four of the notes sued on, and that the plaintiff had notified her of its option to declare the whole debt due. In reference to these two paragraphs it is alleged in the amended answer that "defendant can neither admit nor deny paragraphs 6 and 8 of the plaintiff's petition." By way of further answer, after setting forth a long calculation for the purpose of showing that usury was charged,

the defendant, in paragraph 5, averred that the scheme adopted by the plaintiff, "in proposing to sell her stock in said company, was and is a mere subterfuge to cover up the usurious transaction." It is suggested in the brief of counsel for the defendant in error that, under a proper construction of the defendant's answer, she ought to be held to have admitted all of the substantial averments in the petition. It is contended that in view of the fact that the original answer in effect admitted all of the allegations except the claim for attorney's fees, the defendant can not, in the amendment, by a mere general denial of certain numbered paragraphs, join issue with the plaintiff without expressly withdrawing the admissions made in the original answer.

By failing to answer certain paragraphs in the petition, the defendant is held to have admitted them, but the necessary effect of the amendment in which these paragraphs are expressly denied is to withdraw the implied admission resulting from the failure to deny in the first instance. Where, in an original answer, a paragraph is admitted, if the defendant wishes to deny this paragraph in an amendment, the better practice would be to expressly withdraw the admission. Withdrawals by implication, like repeals by implication in statutes, are not favored, but such withdrawals will be allowed where the only reasonable construction to be given the amendment is that the defendant intended to withdraw an admission previously made. This is the only construction which can be given to an amendment which expressly denies an averment previously admitted.

3. The main contention which the defendant sought to make in her answer was that the plaintiff was not a building and loan association within the meaning of the statutes of this State, authorized to aggregate at the date of the loan the principal and interest for the entire period of the loan, and divide the sum of the principal and interest for the entire period of the loan into monthly or other instalments and to take notes therefor, if in so doing no greater rate of interest than 8 per cent. was charged. Civil Code, § 2878. The vital question, therefore, was whether or not the plaintiff was a building and loan association within the meaning of the statutes of this State which authorize such associations to engage in transactions of the nature above indicated, even though in so doing a greater rate of interest than 8 per cent. on the principal sum loaned

is charged. It was distinctly alleged in the petition that the plaintiff was an association of this character. If the defendant desired to join issue in reference to this matter, it was incumbent upon her to expressly deny this averment, or to state that for want of suffi-cient information she could neither admit nor deny the same. She did neither, but contented herself with an answer that she could "neither admit nor deny" the averment in reference to this material matter. We have recently held that such an answer must be taken as an admission. *Sou. Bell Tel. & Tel. Co.* v. *Shamos,* 12 *Ga. App.* 463 (77 S. E. 312). It is only when the defendant has no information in reference to a matter alleged in the petition that he can neither admit nor deny; and, before such an answer will be accepted, he must allege that he makes it because he is without sufficient information to enable him truthfully either to admit or to deny. As the defendant's pleadings stood at the trial, she was in the attitude of admitting the allegation that the plaintiff was a building and loan association, authorized under its charter to do business as such in this State. Nor do the other averments in the amended answer help the defendant. In the light of the admission that the plaintiff was a building and loan association, the allegation in paragraph 5 that the scheme adopted by it was a mere subterfuge to cover up an usurious transaction must be taken as a mere conclusion of the pleader; and the facts set forth in the answer to support this conclusion are not sufficient for this purpose, if the plaintiff is in fact, as the defendant admits, a building and loan association.

4. The general averment in the amended answer that the defendant "can neither admit nor deny" the allegation that she has made default in the payment of four of the notes, and that the plaintiff has notified her of its intention to declare the whole debt due, is insufficient, for two reasons: first, because, as above indicated, such an answer must be regarded as an admission; and second, because the allegations, being in reference to matters peculiarly within the knowledge of the defendant, called for an express denial by her. *Raleigh & Gaston Railroad Co.* v. *Pullman Co.,* 122 *Ga.* 700 (50 S. E. 1008); *Sou. Bell Tel. & Tel. Co.* v. *Shamos,* supra; Civil Code, § 5637.

5. While the defendant denied liability for attorney's fees she did not deny having received the preliminary notice required by the

statute in order to bind her by the stipulation in the notes to pay attorney's fees. The question whether the plaintiff had charged usury was a mere matter of calculation. In one paragraph of the answer the defendant avers that she received from the plaintiff only $1,425 "in money." This was an equivocal answer. The plaintiff alleged that it had loaned the defendant $1,500. If this was not true, the defendant should have unequivocally denied it. Taking the answer most strongly against the defendant, as must be done, it does not appear but that the defendant received $1,425 in money, and the other $75 in some other valuable consideration. Upon the basis of a loan of $1,500, the plaintiff was entitled to charge $720 interest, and to divide the aggregate of principal and interest, to wit, $2,250, into 72 monthly payments, each of which would have amounted to $30.83. As the defendant was required to pay only $30.25 in monthly instalments, it is apparent that no usury was charged. As to whether the defendant could raise the question that the plaintiff was not a building and loan association, after having contracted with it as such, and in reference to the question as to whom the burden of proof rested upon on this issue, see *McIntosh* v. *Thomasville Real Estate & Improvement Co.,* 138 *Ga.* 128 (74 S. E. 1088). The record in the present case does not call for a decision upon either of these questions. The court did not err in striking the defendant's answer and directing a verdict for the full amount of principal, interest, and attorney's fees sued for. The stipulation in the notes in reference to attorney's fees was sufficiently definite and authorized a recovery of ten per cent. of the principal and accrued interest. *Hamilton* v. *Rogers,* 126 *Ga.* 27 (54 S. E. 926). There is no sufficient assignment of error in the record to call for a decision in reference to the power of the city court to award a special judgment against the land described in the security deed. Upon this question, however, see *Edenfield* v. *Bank of Millen,* 7 *Ga. App.* 645 (67 S. E. 896).

*Judgment affirmed.*