### 27738. JACKSONVILLE PAPER COMPANY *v.* OWEN.

Decided October 11, 1939.

*Victor Davidson,* for plaintiff. *Frank O. Evans,* for defendant.

Felton, J. The Jacksonville Paper Company sued S. R. Owen, doing business as the Milledgeville Times, on open account. The account was for items sold to the Milledgeville Times from January 18, 1937, through June, 1937. Owen filed his answer denying the indebtedness, and setting up that previously to January 18, 1937, he personally instructed the agent of the plaintiff not to make any further sales of paper to the Milledgeville Times; that he further instructed the company, through its agent, to make no more sales of paper, supplies, or goods of any character; and that he instructed all of his agents, with knowledge of the company, not to make any more purchases from the plaintiff. The evidence introduced by the plaintiff consisted of depositions of agents of the company, showing that from January 18, 1937, through June, 1937, there had been twenty-one shipments of paper and other arti-

cles sold to the Milledgeville Times, sent in various ways, by railway express, freight, U. S. mail, and by trucks or express companies. The amount of these goods was $395.61. The evidence showed that thirteen payments had been made on these goods from April 21, 1937, through June, 1937, the payments totaling $196.07. Of the twenty-one shipments of goods to the Milledgeville Times, over half of the goods were ordered on the letter-head of the Milledgeville Times, having printed thereon "Stevens R. Owen, Publisher, J. P. Califf, Business Manager." These letters were signed by J. P. Califf. Other orders were given to the agent of the company in Milledgeville, and others were sent to the company by postcard. All of the invoices were supported by receipts from the carrier to whom they were delivered for transportation from the offices of the company in Jacksonville and Savannah to Milledgeville. There were checks signed by Califf as business manager, covering some of the invoices, accompanied by letters on the letter-head of the Milledgeville Times. After the introduction of this testimony the court granted a nonsuit.

It is contended by the defendant that the court properly granted a nonsuit, because the authority of the agent of the Milledgeville Times was not shown. The authority of the agent of Owen was expressly denied by him in his answer. As we see it, whether or not the agent of Owen had express authority to buy the paper, if the paper and the other goods were ordered without authority, and they were used by the Milledgeville Times, and Owen got the benefit of them, since he put it into the power of the agent to mislead the plaintiff he would be liable for the cost thereof, because he would be estopped to deny the authority of his agent. *Palmer Murphy Co.* v. *Fruit Haven Farm,* 34 *Ga. App.* 153 (128 S. E. 693). The defendant could not permit the goods to be used for his benefit and defeat an action for the purchase-price by denying the authority of his agent to purchase them. Such permissive action is tantamount to the implied authorization of the purchases. The evidence is that the goods were delivered to a common carrier in each instance; and it has been held by this court that the delivery to the carrier is delivery to the consignee. *Morgan* v. *J. B. Colt Co.,* 34 *Ga. App.* 630 (130 S. E. 600); *Watkins* v. *Paine,* 57 *Ga.* 50. If the goods were delivered to Owen, he can not retain them in his possession or use them for his benefit with-

out paying for them. Under the state of the record, we think that the plaintiff made out a prima facie case by showing that the goods were ordered and that they were delivered to a common carrier consigned to the defendant; and that the plaintiff is entitled to go to the jury on the questions whether or not the goods were used or retained by the defendant, and whether he consequently owed for them. The court erred in granting a nonsuit.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*