37653. HOLCOMBE *v.* PARKER.

DECIDED MAY 26, 1959.

618

*James C. Holcombe,* for plaintiff in error.

*Vernon W. Duncan,* contra.

QUILLIAN, Judge. At the outset it must be observed that the defendant filed no issuable defense as his answer was evasive in refusing to admit or deny the indebtedness. *McIntyre* v. *Harrison,* 172 *Ga.* 65, 71 (157 S. E. 499). See also *Moore* v. *Calvert Mortgage & Deposit Co.,* 13 *Ga. App.* 54 (3) (78 S. E. 1097), in which it said: "An answer averring merely that the defendant can neither admit nor deny a specified paragraph, without adding that he is without sufficient information upon which to base either an admission or denial, must be treated as an admission." Had the plaintiff elected to move that the case be marked in default, under the authority of Code (Ann.) § 110-401 and the case of *Grogan* v. *Herrington,* 79 *Ga. App.* 505 (1) (54 S. E. 2d 284) he would have been entitled to a judgment for the account sued upon.

The plaintiff chose to go forward with the proof of his case and made no motion that the case be marked in default. In these circumstances the nonsuit was proper unless he proved every material allegation of the petition and disclosed no defense filed to his right to recover. *Fleming* v. *E. I. Du Pont de Nemours & Co.,* 89 *Ga. App.* 837 (81 S. E. 2d 529); *Darn* v. *Wiseman,* 94 *Ga. App.* 216 (94 S. E. 2d 65).

The only proof offered by the plaintiff was that given by him as a witness, sworn in his own behalf. The plaintiff contends on direct examination that he did the work that constituted the consideration of the account sued upon for the defendant and that the account was just, due, true, and unpaid made out a

prima facie case. Standing alone the testimony referred to was sufficient to prevent a nonsuit, and indeed would have authorized a recovery for the full amount of the account. But the plaintiff on cross-examination gave in detail the facts upon which he predicated his cause. If these facts did not, when considered as a whole, authorize the submission of the case to the jury, the trial judge was right in ordering the nonsuit. Here the holding in *Evans & Pennington* v. *Schofield's Sons Co.*, 120 *Ga.* 961 (48 S. E. 358) is applicable: "Where the plaintiff relies upon the testimony of a single witness, and the evidence upon the direct examination is of such a character as to authorize an inference supporting the claim of the plaintiff, but upon the cross-examination of the witness it develops that this inference can not be properly drawn, a nonsuit should be granted."

The standard by which the question as to whether a nonsuit is legally ordered must be determined. The rule previously stated is that the plaintiff's proof will prevent a nonsuit when it makes out a prima facie case in his behalf, without revealing a reason why he is not entitled to recover.

The plaintiff testified that he never came in contact with the defendant until after he completed his agreement with King to open a ditch and lay pipe as contemplated by that agreement, and that he knew of no right either the contractor King, or a plumber through whom King employed him, had to contract with him on behalf of the defendant.

The plaintiff insists that the defendant, by accepting the work done under the contract between the plaintiff and King, ratified the action of King as his agent in obtaining the benefit of the services and became bound to pay for the same. As supporting authority for his position the plaintiff cites *Jacksonville Paper Co.* v. *Owen*, 60 *Ga. App.* 742, 743 (5 S. E. 2d 103) in which is the pronouncement: "The defendant could not permit the goods to be used for his benefit and defeat an action for the purchase-price by denying the authority of his agent to purchase them. Such permissive action is tantamount to the implied authorization of the purchases." A case we think more in line is *Gignilliat* v. *West Lumber Co.*, 80 *Ga. App.* 652 (2) (56 S. E. 2d 841): "A materialman can not recover a general per-

sonal judgment against the owner of the land for the material furnished in placing improvements thereon, unless it be shown that he is a party to the contract for the purchase of the material." In *Jacksonville Paper Co.* v. *Owen*, supra, the person who purchased the goods of the plaintiff purported to act on behalf of the defendant and did not enter into the sales contract as an individual acting for himself alone.

In *Greene* v. *Golucke*, 202 *Ga.* 494 (2) (43 S. S. 2d 497) it is held: " 'The doctrine of ratification is not applicable against a person as to an act of one who did not assume to act in his name or under authority from him.' *Swicord* v. *Waxelbaum*, 23 *Ga. App.* 297 (98 S. E. 817)."

The mere fact that the defendant, who was the owner of the house at which the plaintiff opened the ditch and laid pipe under an agreement with a contractor, called the plaintiff's attention to the fact that the line was torn up and the pipes not connected and requested that he inspect it, did not, since the work was done for the contractor King, amount to an adoption of the King contract or assumption of liability for the value of the work done by the defendant for the account of King. That an owner calls a subcontractor's attention to a defect in work done on the former's premises certainly does not render the owner liable for the work. Moreover, the evidence does not disclose which sewer line was torn up and the pipes not connected, that is, whether it was on the pipe line laid for King or on the line of pipe the defendant employed the plaintiff to install.

But the plaintiff strongly relies upon the promise of the defendant to pay for all of the services rendered by him including the work done under his contract with King. He asserts that the promise amounted to an original undertaking on the part of the defendant and hence was valid though not in writing. An original undertaking recognized by our law as legal and enforceable whether in writing or parol is an engagement on the part of the promisor to answer for credit extended to another. The promise like all other contractual undertakings must be based upon a consideration. The consideration may be an advantage to the promisor, a detriment to the promisee or a benefit flowing

to a third person. *Ferst's Sons & Co.* v. *Bank of Waycross,* 111 *Ga.* 229 (36 S. E. 773). A promise to answer for a debt for the payment of which another is bound, and the promisor is not otherwise liable, must be upon a new consideration, that is, a consideration other than and in addition to that upon which the obligation of the original debtor is based. Many are the supporting authorities for this pronouncement including the holding in *Smith* v. *Missouri State Life Ins. Co.,* 45 *Ga. App.* 383 (165 S. E. 168); *Bradbury* v. *Morrison,* 93 *Ga. App.* 704, 707 (92 S. E. 2d 607).

The testimony in the instant case showed the liability of the contractor King for all the work he ordered, accrued upon its completion, some three weeks before the defendant's verbal promise was made, and no new consideration for the promise was disclosed by the plaintiff's testimony.

Under the rulings made the promise of the defendant to pay for the work done by the plaintiff for King was to answer for the debt of another, and being in parol was invalid. Code § 20-401 (2). So the plaintiff's proof completely failed to show liability of the defendant for the ditch dug and pipe laid from the bathroom at the contractor King's behest.

The ditch cut and pipe laid from the kitchen sink was under the direct order of the defendant. Accepting the plaintiff's testimony as true, the defendant is under both legal and moral obligation to pay for that service. An honest debt ought not to be evaded by mere technicality. Integrity in every relationship of life is of the utmost importance. In making these observations, we are aware that the record acquaints us with only one side of the matter, but there is not a suggestion in the cross-examination of the plaintiff that indicates that his claim for labor done for the defendant is not fair and just, and the defendant's answer does not deny that he ordered the work done, and received the benefit of the plaintiff's labor. It is in these circumstances regrettable that the plaintiff's proof was technically deficient. He testified that the ditch was to be opened and the pipe laid for the defendant from the kitchen sink to the highway at 80¢ per foot. But he failed to furnish data from which the jury could

determine the exact basis upon which the calculation was to be made.

The testimony of the plaintiff was that 48 feet of ditch was dug and pipe laid under order given him by the defendant, but on cross-examination he gave answers to questions propounded to him as follows: "Q. And then he came and asked you to do 48 more feet of the ditch? A. Yes, sir. Q. Is that the exact number of feet? A. There about, I wouldn't say exactly, I put it all together, I can't say." The expression "thereabouts" means "approximately or near" the figure named, but is a relative term that could even mean, according to the witness's own conception, a number of feet more or less than the basic figure of 48 feet.

Hence the evidence did not make out a case for which recovery could be had for the services rendered under the agreement between the plaintiff and the defendant. In *Wolfe* v. *Brown-Wright Hotel Supply Corp.*, 87 *Ga. App.* 12 (73 S. E. 2d 82) it was held: "Where, in a suit on an open account for the price of goods sold, the evidence was insufficient to establish that the defendant owed the plaintiff any definite amount as the contract price of the goods or as the market value of the goods, it was not error to grant a nonsuit."

*Wolfe* v. *Brown-Wright Hotel Supply Corp.*, supra, was followed by *Copeland* v. *Geise*, 96 *Ga. App.* 503, 505 (100 S. E. 2d 736), which holds: "Where the plaintiff fails to prove his case as laid, nonsuit is the proper remedy, and this is so even though the proof shows that the plaintiff has a cause of action against the defendant which he might have but failed to plead."

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*