## 40874. DRAWDY v. McVEIGH.

FELTON, Chief Judge. 1. "A materialman can not recover a general personal judgment against the owner of the land for the material furnished in placing improvements thereon, unless it be shown that he is a party to the contract for the purchase of the material." *Gignilliat v. West Lumber Co.*, 80 Ga. App. 652 (2) (56 SE2d 841); *Stein Steel & Supply Co. v. Goode Constr. Co.*, 83 Ga. App. 821 (65 SE2d 183) and cit. A tenant may not order work done upon real estate and thus charge the true owner, unless there is some relation existing between him and his landlord other than that of lessor and lessee. *Central of Ga. R. Co. v. Shiver*, 125 Ga. 218, 221 (53 SE 610); *Marshall v. Peacock*, 205 Ga. 891, 893 (55 SE2d 354). The fact that a part of the consideration flowing to the landlord under the lease contract is a building to be erected by the tenant does not change the actual relationship between them. *Seckinger v. Silvers*, 104 Ga. App. 396, 397 (121 SE2d 922). The acceptance of work by an owner done under a contract between two parties, neither of which is his agent, does not

amount to an adoption of that contract by the owner nor an assumption of liability for the value of the work done. *Holcombe v. Parker*, 99 Ga. App. 616, 619 (109 SE2d 348).

2. The action in this case is assumpsit, seeking damages for unjust enrichment against the owner-lessor of real estate on which the plaintiff had constructed a restaurant by contract with the lessee, pursuant to a covenant in the lease contract that the lessee would have such a building constructed on the premises. The prayer was solely for a judgment in personam. It is alleged that the lessee has absconded, his whereabouts unknown to the plaintiff, leaving a balance due which was within the contract price. It is also alleged that the defendant-lessor consented to the improvements, cooperated with the lessee in obtaining a loan conditioned upon the improvements, and is now collecting rent from the use of the building as a restaurant.

3. Under the above-cited authorities, there was no contractual relationship or privity of contract, express or implied, between the plaintiff and the defendant upon which an action for a judgment in personam on the contract could have been based, and the plaintiff was merely the general creditor of the lessee, solely against whom his cause of action would lie for a judgment in personam. The allegations of the defendant-owner's consent to the contract and use of the completed building on his own property are not, without more, sufficient to show that he adopted the contract or assumed liability for the work done thereunder.

The court did not err in its judgment sustaining the general demurrer to the petition.

*Judgment affirmed. Frankum and Pannell, JJ., concur.*

DECIDED SEPTEMBER 23, 1964.

*Ronald F. Adams, Wm. A. Davis, Jr., W. M. Henderson,* for plaintiff in error.

*Blount & Minchew, Clarence D. Blount,* contra.