49896. BISHOP v. FLOOD.

EVANS, Judge.

Elbert Flood, owner of real estate, entered into an agreement with Hubert Pilgrim, as general contractor for improving said realty. Pilgrim employed J. D. Bishop, as subcontractor, to do the masonry work for $1,109.20. The work was performed, but Pilgrim failed and refused to pay Bishop for the masonry work. Thereupon, Bishop filed suit, not only against Pilgrim, who had employed Bishop, but also against Flood, the owner of the premises.

The theory of Bishop's claim against the owner was that the owner had been unjustly enriched by having his real estate improved through the labor and material furnished by the subcontractor, for which the owner had not paid. Flood's defenses included failure to state a claim upon which relief can be granted; laches; the running of the statute of limitation; and denial of the indebtedness and of the claim. The court sustained Flood's motion to dismiss, and plaintiff appeals.

1. No contractual relationship exists between plaintiff, the subcontractor, and defendant, the owner of the property. The owner did not employ plaintiff, but instead, employed Pilgrim as general contractor, who in turn, employed plaintiff, as subcontractor. But plaintiff had no authority to sue Flood, the owner.

2. Plaintiff did not undertake to assert a lien

against the property which he claims to have improved, but instead sought a general judgment only against the owner. He seeks the aid of equity to assist him in obtaining a general judgment despite his not having any contract with nor having been employed by the owner.

3. Plaintiff could have asserted a lien against the improved real estate by filing same within the time required by law; or he could have sued the general contractor upon the indebtedness, and by garnishment could have caused the owner's payments to the general contractor to be impounded until the subcontractor's claim was satisfied. But having failed to take either step, we know of no law which would allow him to claim that he is a general creditor of the owner of the premises. *Gignilliat v. West Lumber Co.,* 80 Ga. App. 652 (2) (56 SE2d 841) and cases cited at p. 658.

4. As to seeking equitable relief, conceding arguendo that one in plaintiff's position could be entitled to equitable relief against the owner, having failed to file a lien, and having failed to pursue garnishment, he must be regarded as one who has not been diligent in the enforcement of his remedies. "Equity aids the vigilant, not the slothful." *Raines v. Clay,* 161 Ga. 574 (131 SE 499), at page 578. Also see *Drawdy v. McVeigh,* 110 Ga. App. 329 (3) (138 SE2d 477).

*Judgment affirmed. Pannell, P. J., and Webb, J., concur.*

SUBMITTED NOVEMBER 5, 1974 — DECIDED JANUARY 7, 1975 — REHEARING DENIED JANUARY 28, 1975.

*Archibald A. Farrar, Archibald A. Farrar, Jr.,* for appellant.

*Cook & Palmour, A. Cecil Palmour,* for appellee.