### 50214. ROBERTSON et al. v. LAUGHLIN INSULATION COMPANY, INC.

MARSHALL, Judge.

The sole issue in this appeal is whether or not the trial court erred in concluding that privity existed between the appellant property owner and the appellee subcontractor of the owner's general contractor.

As stated in the appellant's brief, this case presents the classic story wherein a property owner enters into a contract with a general contractor to make certain improvements on the owner's land (apartment buildings); the general contractor enters into a contract with the

subcontractor to furnish a portion of the labor and materials (insulation) required under the general contract; the general contractor does not pay the subcontractor and the subcontractor sues both the general contractor and the owner. That is the scenario in this case. It is admitted by appellant that the subcontractor has proved that it has a valid claim of lien on its property, that it is entitled to judgment against the general contractor for the full amount of its claim, and that the labor and materials furnished improved and benefited its property. The trial court so found and concluded that both the general contractor and owner were jointly and severally liable to the subcontractor. The owner appeals, contending that there was no privity of contract between the owner and the subcontractor. *Held:*

The subcontractor relies upon *Powell v. Ferguson Tile &c. Co.,* 125 Ga. App. 683 (3) (188 SE2d 901); *Vulcan Materials Co. v. D. H. Overmyer Warehouse Co.,* 115 Ga. App. 792 (156 SE2d 213) and *Colt Co. v. Hiland,* 35 Ga. App. 550 (134 SE 142), for the proposition that privity exists between the owner and a subcontractor of the owner's general contractor so that the subcontractor may recover a personal judgment in contract against the owner.

The owner relies on *D. H. Overmyer Warehouse Co. v. W. C. Caye & Co.,* 116 Ga. App. 128 (157 SE2d 68); *Drawdy v. McVeigh,* 110 Ga. App. 329 (138 SE2d 477); and *Gignilliat v. West Lumber Co.,* 80 Ga. App. 652 (2) (56 SE2d 841) for the proposition that since the owner is not a party to the contract between the sub and general contractor, there is no privity between the owner and the subcontractors of the owner's general contractor so the subcontractor cannot recover a personal judgment in contract against the owner.

The latter position is correct. " 'Where a materialman seeks to foreclose his lien against real estate which has been improved with material furnished by him to a contractor for such purpose, he can not recover a general verdict and judgment against the owner of the land for the value of the material furnished,' and 'a materialman can not recover a general judgment against the owner of the land for the material furnished, for the simple reason that

he is no party to the contract for the purchase of the material.' [Cits.]" *Gignilliat v. West Lumber Co.,* 80 Ga. App. 652, 658, supra. "The acceptance of work by an owner done under a contract between two parties, neither of which is his agent, does not amount to an adoption of that contract by the owner nor an assumption of liability for the value of the work done. *Holcombe v. Parker,* 99 Ga. App. 616, 619 (109 SE2d 348)." *Drawdy v. McVeigh,* 110 Ga. App. 329, 330, supra.

In the present case, the owner was not a named party to the contract between the subcontractor and general contractor, did not sign the contract, nor become obligated in any way thereunder. The subcontractor sent invoices only to the general contractor, and was paid in part by check drawn on the general contractor's bank account.

There were certain provisions in the subcontract in the present case which injected the name of owner. These provisions were: that the subcontractor was not to be paid until acceptance of his work by the contractor and owner; that the subcontractor would hold harmless the contractor and owner; that subcontractor would obtain approval from the contractor and architect or owner of estimated costs of each part of the work done; and that, in the event subcontractor ceased work, he would not be paid until full payment had been made by owner to contractor. These provisions did not have the effect of making the contractor the agent of the owner. See e.g. *Sasser & Co. v. Griffin,* 133 Ga. App. 83, 85 (210 SE2d 34); *Holcombe v. Parker,* 99 Ga. App. 616 (109 SE2d 348); *Stein Steele &c. v. Goode Const. Com,* 83 Ga. App. 821 (65 SE2d 183); *McGinnis v. Milhollin,* 64 Ga. App. 462 (13 SE2d 591) wherein the owners were not liable even though they had the same or greater control over their contractors or the construction project.

The circumstances that created a principal-agent relationship between the owners and the general contractors in the cases of *Christian v. Bremer,* 199 Ga. 285 (3),(4) (34 SE2d 40); *Robinson v. Reese,* 175 Ga. 574 (165 SE 744), and apparently in *Powell v. Ferguson Tile &c. Co.,* 125 Ga. App. 683, supra; and *Colt Co. v. Hiland,* 35 Ga. App. 550, supra, are not present in this case. There was no evidence shown by owner in this case that its

general contractor was anything other than an independent contractor.

*Vulcan Materials Co. v. D. H. Overmyer Warehouse Co.,* 115 Ga. App. 792, supra, is distinguishable, because it is apparent that the contract in that case was made directly between the subcontractor and the owner.

*Judgment reversed. Bell, C. J., and Webb, J., concur.*

ARGUED FEBRUARY 3, 1975 — DECIDED APRIL 8, 1975.

*Arnall, Golden & Gregory, William R. Harp,* for appellants.

*Davis, Matthews & Quigley, Baxter L. Davis,* for appellee.