## 54689. SNOOTY FOX, INC. v. FIRST AMERICAN INVESTMENT CORPORATION et al.

BIRDSONG, Judge.

Appellant was the owner of certain real estate in Fulton County and upon this property, appellant was constructing a project known as Snooty Fox Apartments. The general contractor of the project was the president and majority stockholder of Accent Development Corporation (Accent). While construction was in progress on the Snooty Fox Apartments, Accent was constructing its own apartment project known as Englewood Apartments. Appellees held a security deed on the Englewood Apartments project and made loans to Accent on this project.

Accent defaulted on its payments to appellees on the Englewood Apartment project and the appellees foreclosed on the property. At the foreclosure sale, appellees purchased said Englewood Apartment project.

Subsequently, appellant brought suit against appellees, based upon a theory of unjust enrichment.

Appellant alleged that the general contractor had embezzled funds that belonged to the appellant and disbursed these funds to the Englewood Apartment project. Appellant, by amendment, alleged unlawful diversion of these funds. The trial court granted appellees' motion for judgment on the pleadings.

It is axiomatic that in ruling upon a motion for judgment on the pleadings, all well-pleaded material allegations of the opposing party's pleadings are taken to be true, and all allegations of the moving party which have been denied are taken as false. Code Ann. § 81A-112 (c). *Hallman v. State of Ga.,* 141 Ga. App. 527, 529 (233 SE2d 839).

Where the party moving for judgment on the pleadings does not introduce affidavits, depositions, or interrogatories in support of his motion, such motion is the equivalent of a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. On a motion to dismiss, a complaint should be construed in the light most favorable to the plaintiff with all doubts resolved in his favor. The plaintiff is entitled to the most favorable inferences that can reasonably be drawn from the complaint, even if contrary inferences are also possible. The motion to dismiss should not be granted unless the averments in the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of his claim. *Seaboard C.L.R. Co. v. Dockery,* 135 Ga. App. 540, 543 (218 SE2d 263).

In the case sub judice, the appellants have plead the following: "In this way, and *without* the *knowledge* of the plaintiff, a sum of money unknown to the plaintiff, but believed to exceed sixty-seven thousand dollars ($67,000.00), was expended on the construction of Englewood Apartments on the property of Accent Development Corp. Said funds rightfully belonged to the plaintiff and should have been expended on the construction of the Snooty Fox Apartments on the plaintiff's property." (Emphasis supplied.) By amendment appellant added to his complaint the following: "During and subsequent to such embezzlement and at all other times thereafter relevant to this action the

defendants, through their agents and employees, knew of such unlawful diversion of funds and of the enhancement of the apartment project in issue." This court must take these allegations as true, which raises a question of fact.

Appellee contends that the case of *Bishop v. Flood,* 133 Ga. App. 804 (212 SE2d 443), is controlling. With this contention we cannot agree. The *Flood* case involved three parties: owner; contractor; and subcontractor. This court there stated that a lien could have been filed by the plaintiff subcontractor against the real estate of the owner, a remedy not available in the instant case. Nor can it be said, under the allegations presented here, that the appellant was slothful, as was stated in the *Flood* case. The allegations in the present case state that the appellant was without knowledge of the alleged fraudulent expenditures. Appellant has acted diligently to protect his rights.

This court held in *Bill Heard Chevrolet Co. v. Atlantic Discount Co.,* 120 Ga. App. 388, 389 (170 SE2d 740): "We think the record makes it clear that whoever must bear the ultimate loss resulting from the fraudulent scheme of the defendant's salesmen is an innocent victim, whether the plaintiff or the defendant, but the law is settled that an action lies in all cases where one has received money which another, ex aequo et bono, is entitled to recover and which the recipient is not entitled in good conscience to retain."

Since there were questions of fact which must be resolved by a jury, this case is reversed.

*Judgment reversed. Deen, P. J., and Webb, J., concur.*

ARGUED OCTOBER 6, 1977 — DECIDED DECEMBER 5, 1977.

*Shulman, Bauer, Deitch, Raines & Hester, Gilbert H. Deitch, Henry R. Bauer, Jr.,* for appellant.

*Troutman, Sanders, Lockerman & Ashmore, John J. Dalton, Andrew J. Hinton,* for appellees.