55861. REID et al. v. SAUL et al.

Webb, Judge.

In this action the plaintiff subcontractors, who were not properly paid for labor and materials they had furnished to the borrower-developer for the construction of a building, seek to recover from the construction lender on the theory that it should have administered the construction loan for their benefit and insured that they were properly paid by the borrower-developer. The loan by the lender to the borrower-developer was evidenced by a promissory note and loan agreement and was secured by a recorded security deed; the lender foreclosed pursuant to power of sale in the security deed and bid in the property, and the unpaid subcontractors now seek to find some way to proceed against the deep pocket of the lender.

We hold that the trial court properly rendered summary judgment for the lender. "Legal duty" has been defined as "[a]n obligation arising from contract of the parties or the operation of the law" (Ferrell v. Haas, 136 Ga. App. 274, 276 (220 SE2d 771) (1975)) and we find neither here. The lender was not a party to the subcontracts, and it retained no rights and undertook no duties for the benefit of the subcontractors in its agreement with the borrower-developer, to which the subcontractors were not privy. Consequently it owed no contractual duties to the subcontractors (cf. Robertson v. Laughlin Insulation Co., 134 Ga. App. 509 (215 SE2d 274) (1975)), nor can it be held on the theory of unjust enrichment. Bishop v. Flood, 133 Ga. App. 804 (212 SE2d 443) (1975). We made like rulings in Stewart Bros. v.

*General Improvement Corp.,* 143 Ga. App. 258, 260 (2) (238 SE2d 259) (1977). The subcontractors had constructive, if not actual, knowledge that any claims they had against the property conveyed in the recorded security deed could be extinguished by the power of sale it contained, and the complaint that the amount realized at sale was insufficient to pay off their claims affords no grounds for relief as that is the risk faced by any creditor who holds a claim subordinate to the first lienholder.

Nor do we find any obligation arising by operation of law requiring the lender to protect the subcontractors from the risks of doing business with its borrower, as we are aware of no basis in either case or statutory law to impose upon the lender the duty to supervise the borrower's disbursement of the advances and control the funds for the benefit of the subcontractors. Absent such a basis we are not free to legislate the contended-for rule into the books.

In view of the disposition we make here we find no reversible error in rendering summary judgment prior to the lender's answering certain interrogatories and requests for admissions, since the information sought thereby is irrelevant to the threshold issue of law raised by the motion for summary judgment and would not aid the subcontractors in this respect. Consequently no reversible error appears in denying the motion to compel answers and to quash the motion for summary judgment.

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

ARGUED MAY 4, 1978 — DECIDED MAY 31, 1978 — REHEARING DENIED JUNE 16, 1978 —

*Gore, Shaw & Lee, Luke Frank Gore,* for appellants.
*Sutherland, Asbill & Brennan, Alfred G. Adams, Jr., James R. Paulk, Jr., Shaw, Pittman, Potts & Trowbridge, Mark Augenblick, Leslie A. Nicholson, Jr., Richard E. Galen, John M. McCarter,* for appellees.