## 59620. GOT-IT HARDWARE & GIFTS, INC. v. CITY OF ASHBURN.

BANKE, Judge.
The appellant sued the City of Ashburn and the Ashburn-Turner County Recreation Authority to collect a bill for recreational and painting supplies, as well as other miscellaneous items allegedly purchased by the recreation authority. The city answered denying that the authority had acted on the city's behalf in making the purchases, or that the city had ever ratified any of the purchases, or that it was otherwise liable for them. The city

simultaneously filed an answer on behalf of the recreation authority, alleging that the authority no longer existed because it had been abolished by the city and the Turner County Board of Commissioners. A copy of the city ordinance purporting to accomplish this was made a part of the record in the case. In addition to abolishing the recreation authority, this ordinance also provided for the establishment of a recreation program to be operated directly by the city and county. It further prohibited the appropriation of any funds for payment "to any purported creditor of the said Ashburn-Turner County Recreation Authority." The appellant submitted affidavits alleging that the supplies which it had sold to the authority were currently in the possession of and being used by the city. This appeal is from the grant of the city's motion for summary judgment. *Held:*

While it is clear from the record that the director of the recreation authority, who actually made the purchases in question, had neither actual nor implied authority to act for the city, a fact issue exists as to whether the city appropriated the goods purchased to its own use after abolishing the authority. One who accepts possession of goods and permits them to be used for his benefit cannot defeat an action for the purchase price by denying that the person who purchased them had authority to act as his agent. See *Jacksonville Paper Co. v. Owen,* 60 Ga. App. 742 (5 SE2d 103) (1939). Furthermore, we find it unconscionable, perhaps even unconstitutional, for a governmental body to create a separate legal entity capable of incurring debts, to reap benefits from purchases made by the entity, and then to dissolve the entity with an express prohibition against paying any of the creditors. For these reasons, we hold that the trial court erred in granting summary judgment on the basis of the record before it.

*Judgment reversed. Quillian, P. J., Smith, Shulman, Birdsong and Carley, JJ., concur. Deen, C. J., McMurray, P. J., and Sognier, J., dissent.*

ARGUED MARCH 12, 1980 —DECIDED JULY 9, 1980.

*Stephen L. Ivie,* ior appellant.
*John D. McCord,* for appellee.

McMURRAY, Presiding Judge, dissenting.

Pursuant to a resolution and an ordinance adopted respectively by the Board of Commissioners of Turner County and City of Ashburn in March, 1978 (based on Ga. L. 1946, pp. 152, et seq., as amended; Code Ann. Ch. 69-6), the joint Ashburn-Turner County

Recreation Authority was created. The Authority then hired John Marshall as its recreational director. Marshall proceeded to make certain purchases on open account with a local hardware store with reference to such items as paint, baseball equipment, and other recreational materials involved in carrying out his duties as recreational director. However, in March, 1979, the ordinance pertaining to the creation of the Ashburn-Turner County Recreation Authority adopted March 2, 1978, by the City of Ashburn was repealed and insofar as the city was concerned the Authority was "abolished." This ordinance then created and established under the same law, Code Ann. Ch. 69-6, as amended (Ga. L. 1946, pp. 152, et seq., as amended), a system of supervised recreation operated directly by the city and the county and not through any board, commission or authority. The ordinance also provided that it would not ratify or approve in any way the acts of any person acting or purporting to act for the Ashburn-Turner County Recreation Authority and further that no funds would be made available or be paid to any purported creditor of said Authority. The commissioners of Turner County likewise adopted a similar resolution.

On June 13, 1979, Got-It Hardware & Gifts, Inc., as plaintiff, sued the City of Ashburn, Georgia, and Ashburn-Turner County Recreation Authority on open account for the sum of $3,393.44 due "as of 6-19-78," after giving notice by letter dated May 10, 1979, to the city with reference to this account. The City of Ashburn answered, denying the claim or that any person or organization had authority to incur on its behalf any of the indebtedness alleged in the complaint. The Ashburn-Turner County Recreation Authority answered, by and through the attorneys for the City of Ashburn, contending that the Authority did not exist, having been abolished by ordinance and otherwise denying the claim.

After discovery, the defendant City of Ashburn moved for summary judgment, setting forth evidence that the city had never authorized the Authority created by it, together with Turner County, to make any purchases on the credit of the City of Ashburn. The plaintiff responded to the motion for summary judgment by submitting affidavits in support of its claim as to the purchases made on the open account and likewise moved for summary judgment as to its claim. The motion for summary judgment was granted in favor of the City of Ashburn and against the plaintiff, and the complaint was ordered dismissed as to that defendant. Motion for summary judgment filed by the plaintiff was overruled.

Plaintiff appeals and enumerates error both to the denial of the motion for summary judgment in its favor and the granting of summary judgment against it in that the municipal corporation was

liable for the actions of its authorized agents acting within the scope of their employment when such liability is authorized by statute in that the said John Marshall was an authorized agent of the city, acting within the scope of his employment as recreation director when he incurred the debt owed to the plaintiff. It also contends that even if Marshall was not an agent of the city or acting within the scope of his employment the defendant city had ratified his acts by accepting, using and benefiting from said purchases.

The majority here recognizes that the Authority's employed recreation director was not an agent of the city. Yet the majority contends that the city has accepted the benefits of the items sold by Got-It Hardware & Gifts, Inc., hence it cannot defeat the action against it by denying agency of the person who purchased the recreational equipment. The case of *Jacksonville Paper Company v. Owen,* 60 Ga. App. 742 (5 SE2d 103) is not controlling for it is inapposite to the facts of this case. Agency there was established. Here, agency never existed!

The evidence before the court fails to disclose in any way that Marshall was ever an agent of the city authorized to make the purchases. Indeed, it is doubtful that sufficient evidence was shown that the created authority had authorized him to make such purchases.

Even if Marshall were authorized to make cash purchases for the Authority there is nothing in the law or the evidence before the court showing that Marshall could contract a debt for the defendant city. See *Morgan v. Ga. Paving & Const. Co.,* 40 Ga. App. 335 (149 SE 426).

There is simply no evidence before the court which involves a contractual obligation of the defendant city here. The mere fact that the debt here may have been made by an Authority created by the defendant city and Turner County does not in anywise make it the debt of the city even though the city has abolished the Authority. Municipalities are creatures of the legislature, possessing only such powers as expressly delegated to them by the legislature. They are only legally compellable or liable to pay claims arising by authority of the law. See Code § 69-301; *Collins v. Mayor, etc., of Macon,* 69 Ga. 542; *Cornelisen v. City of Atlanta,* 146 Ga. 416 (1) (91 SE 415).

Further, there has been no evidence presented of ratification. Language in the ordinance abolishing the Authority states clearly that the city was not ratifying any of the acts of the Authority. Nor, has it been shown that the defendant had full knowledge of the facts in accepting and retaining the benefits of the purported agent's acts. See *Smith v. Pope,* 100 Ga. App. 369 (6) (111 SE2d 155); *Morgan v. Ga. Paving & Const. Co.,* 40 Ga. App. 335, supra; *Western American Life Ins. Co. v. Hicks,* 135 Ga. App. 90, 91 (3) (217 SE2d 323).

Plaintiff does not enumerate error to the denial of its motion for summary judgment as to the defendant Ashburn-Turner County Recreation Authority but only enumerates as error the denial of its motion for summary judgment as to the defendant city. Hence the grant of summary judgment to the defendant city did not dispose of the entire case below authorizing an appeal of the denial of summary judgment. See *Stallings v. Chance,* 239 Ga. 567, 568 (238 SE2d 327). However, the grant of summary judgment as to the defendant city, if affirmed, renders the issue of the denial of plaintiff's motion for summary judgment as to the city moot.

Therefore, I would affirm the judgment. I, therefore, respectfully dissent.

SOGNIER, Judge, dissenting.

I disagree with the majority's opinion. I agree with Judge McMurray's dissent but would add thereto. The Ashburn-Turner County Recreation Authority (Authority) was lawfully created by a March 2, 1978 ordinance of the City of Ashburn, which adopted Ga. L. 1946 pp. 152 et seq. (Code Ann. Ch. 69.6) and appointed the various Authority members. A similar resolution creating the joint Authority was adopted by Turner County on March 6, 1978. During 1978 while this Authority was in existence, appellant supplied the Authority with recreational supplies and other items on open account. On March 2, 1979 the city and county repealed the ordinance creating the Authority, and in the repeal thereof specifically disclaimed all responsibility for any debts of the Authority.

When the Authority was abolished it no longer existed as a legal entity and could not be sued by the plaintiff creditor. See *Rabun County Recreation Bd. v. Jarrard,* 150 Ga. App. 56, 57 (256 SE2d 661) (1979) where this court said: "As the 'Rabun County Board of Recreation' no longer exists, it cannot sue as a legal entity. [Cit.]" That case also rules that the creating body can abolish its own creation.

I view the disclaimers of liability for the debts in the repealing ordinance as mere surplusage. If the city had direct liability to the creditors it could not impair its contracts by disclaiming recitals in an ordinance. *Winter v. Jones,* 10 Ga. 190, 191 (4, 5) (1851).

The Authority had the power "to maintain and equip parks, playgrounds, recreation centers and the buildings thereon and to develop, maintain, and operate all types of recreation facilities, or to operate and conduct facilities on properties controlled by other authorites, and . . . employ play leaders, playground or community center directors . . ." Code Ann. § 69-603. Under Code Ann. § 69-604

the Authority "shall possess all the powers and be subject to all the responsibilities of local authorities under this law [§§ 69-601 through 69-612.2]." Under § 69-602 such authority can "acquire or lease lands or buildings" for such purpose. Under § 69-606 such Authority "may accept any grant or devise of real estate or any gift or bequest . . ." The foregoing powers are all indicators that such an Authority is a legal entity having the right to sue or be sued in its own name. It would be an anomaly of law to allow these powers to be exercised without labeling the recipient thereof a legal entity. *Cravey v. Southeastern Underwriters,* 214 Ga. 450, 455 (105 SE2d 497) (1958). However, this legal entity has now been abolished by act of the governing body (the municipality) and cannot sue or be sued. *Rabun County Recreation Bd. v. Jarrard,* supra.

The Authority is not the agent of the city for the authorizing of debts. Since it held its own property prior to its dissolution, was authorized to receive appropriations from the city to meet its own budget and had exclusive control of its monies under Code Ann. § 69-611, it contracted for goods on its own behalf. Thus, the Authority did not act as an agent for the city and had no authority to bind the city for its debts. This is the basis of my disagreement with the majority opinion, which would permit legal entities such as this Authority to bind the governing body for its debts. For instance, if a state authority contracted with others beyond its current appropriations would this bind the General Assembly to make a future appropriation? No.

Such Authorities are sometimes referred to as quasi-public corporations and often are created for the purpose of incurring independent debt for a new project to be supported solely from the project's revenue. See e.g., *International Longshoreman's Assn. v. Ga. Ports Auth.,* 217 Ga. 712 (1(a)) (124 SE2d 733)(1962); *Richmond County &c. Assn. v. Augusta-Richmond County Coliseum Auth.,* 233 Ga. 94 (210 SE2d 172) (1974); *City of Jonesboro v. Clayton County Water Auth.,* 136 Ga. App. 768, 773 (3) (222 SE2d 76) (1975); *Thompson v. Municipal Elec. Auth.,* 238 Ga. 19 (231 SE2d 720) (1976); see generally, 1 McQuillin, Municipal Corporations § 2.29a; 3 EGL 8, 15, Authority Financing, §§ 4, 7. It is my opinion that this Authority, based on the above rationale, is a legal entity—a quasi-public corporation—responsible for its own debts without authority under the code to bind the governing body for its debts. *Such Authorities, in carrying out their duties, do not act for the governing authority but instead of them.*

However, the plaintiff is not without a remedy. Although our code on corporations fails to provide a dissolution procedure for Authorities of this nature, Georgia has historically applied a "trust

fund doctrine" to both profit and nonprofit corporations whenever the rights of creditors have intervened. *Hightower v. Thornton,* 8 Ga. 486, 492 (4) (1850). See also, *Hale v. Eberhardt,* 54 Ga. App. 395 (1) (188 SE 53) (1936). See generally, Nadler, Ga. Corp. Law, §§ 546, 547 (1950 Ed.) and cases cited. By analogy here the "stockholders" are the governing authorities who may be pursued by the creditors of the dissolved Authority as implied trustees of the remaining assets of the Authority. However, such creditors' recovery is limited to the extent of the remaining assets only. To hold otherwise would permit the Authority to create debts for the municipality. I disagree with the majority's view that suit may be pursued against the City of Ashburn in a direct capacity as distinguished from its capacity as implied trustee. Since the summary judgment granted below dismisses the city as a defendant, I would direct the trial court to vacate its judgment so as to procedurally permit amendment of the complaint to allow appellant to proceed against the municipality as implied trustee of the remaining assets of the dissolved Authority. Code Ann. § 81A-115 (c); *Downs v. Jones,* 140 Ga. App. 752 (2) (231 SE2d 816) (1976), reaffd. *Downs v. Jones,* 142 Ga. App. 316 (1) (235 SE2d 760) (1977). After such amendment, the trial court should then grant the city summary judgment, dismissing it as a defendant in its individual capacity, but continuing it in the suit solely in its capacity as implied trustee. The dissolved Authority, under the authority of *Rabun County Recreation Bd. v. Jarrard,* supra, should be dismissed as a defendant.

I am authorized to state that Chief Judge Deen joins in this dissent.