A89A0776. LIGHT et al. v. EQUITABLE MORTGAGE RESOURCES, INC.
(383 SE2d 142)

DEEN, Presiding Judge.

The appellants, Gary Light and James Cooley, entered an agreement with North River Builders, Inc. (North River), for North River to acquire certain real property and build two houses on it. In June 1985 North River, which had obtained financing for other projects from the appellee, executed a $975,000 real estate note in favor of the appellee, secured by a deed to secure debt. The appellants co-signed the note and the deed to secure debt as guarantors. North River and the appellee then executed a construction loan agreement delineating the terms of advancing the loan proceeds.

In the fall of 1986, North River requested that the loan be increased to $1,262,030, which the appellee agreed to do, and to which the appellants did not object. At that time the appellants submitted an affidavit stating that they had no legal or equitable title in the property. North River used some of these extended loan proceeds to pay other outstanding obligations it owed the appellee. In December

1986, the appellants requested that the appellee stop advancing funds to North River because North River had financial problems and had not been paying its subcontractors, and the appellee did so. Thereafter, North River defaulted on its obligation, and the appellee advertised the property for foreclosure.

The appellants then commenced this action against the appellee, alleging negligent administration of the loan to North River and misappropriation of funds. Following the expiration of a temporary restraining order, the appellee re-advertised and eventually foreclosed on the property. The appellants subsequently amended their complaint to allege negligent and intentional interference with their contractual rights, and conspiracy to divert and convert money. The trial court granted summary judgment for the appellee, and this appeal followed. *Held*:

1. Initially, the appellants contend that reversal is mandated because the trial court failed to consider four unsealed depositions filed with the court in opposition to the appellee's motion for summary judgment. In its order granting summary judgment for the appellee, the trial court stated that "[t]he court has examined the affidavits and other materials submitted in support of and in opposition to the motion. . . ." In *General Motors Corp. v. Walker*, 244 Ga. 191, 193 (259 SE2d 449) (1979), the Supreme Court held that "[i]f a trial court indicates in his order granting a motion for summary judgment that the motion is being granted after a review of the record, this court will not hold that he failed to review the relevant portions of a deposition simply because the original of the deposition on file in the case remained sealed and was not opened until after the order granting the motion was entered." The instant case falls within the ambit of *Walker*. Cf. *Maddox v. Brown*, 188 Ga. App. 728 (374 SE2d 222) (1988).

2. A construction lender has no duty "to protect the subcontractors from the risks of doing business with its borrower . . . [or] to supervise the borrower's disbursement of the advances and control the funds for the benefit of the subcontractors." *Reid v. Saul*, 146 Ga. App. 264, 265 (246 SE2d 121) (1978). Similarly, where the appellee lender undertook no duties for the benefit of the appellants here, the appellee owed the appellants no duty with regard to the disbursements of the construction loan proceeds. The contractual provision giving the appellee the right to inspect and withhold advances if it was not satisfied with the progress of construction inured to the benefit of the appellee, and any failure of the appellee to exercise that contractual right provided the appellants no basis for complaint. Accordingly, the appellants have no claim against the appellee for negligent disbursement of the loan funds.

We also reject the appellants' contentions (1) that they were

owed a duty as third-party beneficiaries of the contract between the appellee and North River; (2) that the appellee conspired with North River to misappropriate loan funds by allowing North River to use the loan funds to pay other obligations North River owed the appellee; and (3) that the appellee tortiously interfered with the appellants' contract with North River. Nothing in the contract between the appellee and North River shows an intent by both the appellee and North River to benefit the appellants, a requisite for any claim as third-party beneficiaries. *Southeast Grading v. City of Atlanta,* 172 Ga. App. 798 (1) (324 SE2d 776) (1984). As noted above, in handling the loan the appellee did nothing that it was unauthorized to do under the note and deed to secure debt, both of which were also signed by the appellants, or under the construction loan itself. Under these circumstances there simply was no evidence to support the asserted claims for conspiracy or tortious interference with contract.

The trial court properly granted summary judgment for the appellee.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED MAY 17, 1989 — REHEARINGS DENIED MAY 31 AND JUNE 6, 1989 — 

*Kessler & Parks, Michael A. Kessler,* for appellants.
*Hudspeth & Benedict, Dean A. Williams, Chambers, Chambers & Chambers, John W. Chambers, Sr., Hansell & Post, R. Dal Burton,* for appellee.