## A91A0331. EQUITABLE MORTGAGE RESOURCES, INC. v. CARTER.

(406 SE2d 494)

BIRDSONG, Presiding Judge.

This appeal is one of at least three appeals arising from a construction project gone bad. For the facts generally, see *Light v. Equitable Mtg. Resources*, 191 Ga. App. 816 (383 SE2d 142), which concerned the same actions by Equitable Mortgage Resources, Inc., and almost the identical allegations as in this appeal. In short, Equitable lent money to a developer to build two houses. The loan was evidenced by a real estate note and a construction loan agreement, and the loan was secured by a deed to secure debt and security agreement.

Subsequently, the developer retained a general contractor who thereafter contracted with Carter to perform some of the work on the project. Although the developer received loan advances from Equitable, Carter was not paid for the work performed. Carter, however, did not perfect a lien against the property in a timely manner and did not inform Equitable that he had not been paid. In any event, Carter's lien would have been subordinate to Equitable's.

After the developer defaulted on the loan and Equitable foreclosed on the property, Carter filed suit against the developer/owner and the general contractors for fraud and breach of contract. Later, with permission of the trial court, Carter amended the complaint adding Equitable as a defendant and alleged claims to enforce his lien, for unjust enrichment, for negligently making loan disbursements, and to set aside the foreclosure sale.

Subsequently, Equitable moved for summary judgment and, al-

though the trial court found there were no genuine issues of material fact concerning Equitable's contractual duty to Carter since there was no contract between them and granted summary judgment to Equitable "as to all claims based on lien or other contract theories," the trial court found there were issues of fact concerning Carter's fraud and tort claims and therefore denied Equitable's motion for summary judgment on those claims. After the trial court denied Equitable's renewed motion for summary judgment based upon *Light v. Equitable Mtg. Resources*, supra, Equitable was granted permission to appeal. *Held*:

Carter alleges that Equitable fraudulently lent money to the developer and negligently and fraudulently disbursed funds to the general contractor in a manner that prevented Carter from being paid for his work performed. The principles repeated in *Light v. Equitable Mtg. Resources*, supra at 817, are dispositive of this appeal. "A construction lender has no duty to protect the subcontractors from the risks of doing business with its borrower or to supervise the borrower's disbursement of the advances and control the funds for the benefit of the subcontractors. Similarly, where [Equitable] undertook no duties for the benefit of the appellants here, [Equitable] owed . . . no duty with regard to the disbursements of the construction loan proceeds. The contractual provision giving [Equitable] the right to inspect and withhold advances if it was not satisfied with the progress of construction inured to the benefit of [Equitable], and any failure of [Equitable] to exercise that contractual right provided the appellants no basis for complaint. Accordingly, the appellants have no claim against [Equitable] for negligent disbursement of the loan funds." (Citation and punctuation omitted.) Therefore, the trial court erred by denying Equitable's renewed motion for summary judgment on Carter's tort claim for negligent disbursement.

In the same manner we also reject Carter's conspiracy/fraud claim. "[I]n handling the loan [Equitable] did nothing that it was unauthorized to do under the note and deed to secure debt . . . or under the construction loan itself. Under these circumstances there simply was no evidence to support the asserted claims for conspiracy. . . ." *Light v. Equitable Mtg. Resources*, supra at 818. Accordingly, Carter's claim that Equitable conspired with the developer to defraud the subcontractors is without support. The advances to the developer were made expressly for the purpose of and conditioned upon the developer's payment of its outstanding obligations to Carter. Under the circumstances OCGA § 16-8-15 is inapplicable.

Accordingly, the trial court erred by denying Equitable's renewed motion for summary judgment on Carter's fraud and tort theories of recovery.

*Judgment reversed with direction that the trial court enter sum-*

*mary judgment for appellant. Pope and Cooper, JJ., concur.*

DECIDED MAY 17, 1991 —
REHEARING DENIED JUNE 5, 1991 —

*Jones, Day, Reavis & Pogue, R. Dal Burton, Michael J. McConnell*, for appellant.
*Bips & Bips, Mark C. Bips, R. Andrew Bips, Chambers, Chambers & Chambers, John W. Chambers, Sr.*, for appellee.